Filed 10/3/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C068288 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F03974) |
| v. | |
| ZEFRAM LAJOS JUHASZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Marjorie Koller, Judge.  Reversed with directions.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Zefram Lajos Juhasz appeals from a judgment of the Sacramento County Superior Court sending him to state prison for 16 months after findings by two judges that he was unamenable for Proposition 36 drug treatment within the meaning of Penal Code section 1210.1, subdivisions (b)(4) and (b)(5).[1] Defendant contends the evidence is insufficient to support the unamenability findings under either subdivision. We agree.

## PROPOSITION 36

Penal Code section 1210.1, subdivision (a) provides: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. . . ." Subdivision (b) of section 1210.1 sets forth five categories of defendants excluded from subdivision (a). Of relevance here are subdivisions (b)(4) and (b)(5) of section 1210.1 (hereafter subdivision (b)(4) or (b)(5)). Subdivision (b)(4) excludes "[a]ny defendant who refuses drug treatment as a condition of probation." Subdivision (b)(5) excludes "[a]ny defendant who has two separate convictions for nonviolent drug possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210. . . ."

## PROCEDURAL HISTORY

On July 13, 2010, defendant pleaded no contest to one count of possession of methamphetamine with the understanding he would be placed on probation conditioned upon his being referred for drug treatment pursuant to Proposition 36. It was further agreed that if he did not complete the Proposition 36 program, he would be sentenced to

---

[1] "Proposition 36 is codified in Penal Code sections 1210, 1210.1, and 3063.1 and Health and Safety Code section 11999.4 et seq. [Citation.]" (*People v. Canty* (2004) 32 Cal.4th 1266, 1273, fn. 1.)

state prison for 16 months. Defendant was ordered to report to the probation department for Proposition 36 enrollment once he was released from a parole hold that had been placed on him.

Defendant was released from the parole hold on September 7, 2010, and on September 9, 2010, he reported to the probation department for enrollment under Proposition 36. In a progress report dated September 17, 2010, the probation department determined defendant was ineligible for Proposition 36 treatment because of his two prior unsuccessful attempts at Proposition 36 treatment, one in 2002 (case No. 02F06177) and the other in 2004 (case No. 04F00902).

Also on September 17, 2010, defendant appeared before Judge Gary Ransom for consideration of his eligibility for Proposition 36 treatment. The appearance was brief: Judge Ransom called the case, the prosecutor informed Judge Ransom that "[defendant] is the individual who's already had two courses of Prop. 36," and the court stated, "I find you to be unamenable." Judge Ransom then ordered the case continued to October 5, 2010, for sentencing.

Following several continuances, defendant appeared before Judge Marjorie Koller on May 27, 2011, for sentencing and for a hearing on a motion defendant had filed seeking reinstatement in the Proposition 36 program. The basis for defendant's motion was that Judge Ransom had failed to afford defendant a full hearing on his amenability for treatment. Judge Koller upheld Judge Ransom's finding of unamenability and independently concluded defendant was ineligible for Proposition 36 treatment under both subdivisions (b)(4) and (b)(5). Judge Koller reasoned that defendant was "ineligible" under subdivision (b)(4) because he had been deleted from Proposition 36 treatment in his 2002 and 2004 cases, each deletion constituting a refusal to participate in the Proposition 36 program. Judge Koller also reviewed defendant's prior record and concluded he was "unamenable to treatment [under subdivision (b)(5)], in that he has had

3

many opportunities and squandered them all."[2]  Judge Koller then imposed the 16-month prison term.

## DISCUSSION

### Defendant's Purported Ineligibility Under Subdivision (b)(4)

Subdivision (b)(4) excludes from Proposition 36 treatment "[a]ny defendant who refuses drug treatment as a condition of probation."  Defendant does not dispute that his deletions from Proposition 36 treatment in 2002 and 2004 were refusals of drug treatment.  Instead, defendant's position is that any refusal in a prior case does not operate under subdivision (b)(4) as a refusal in a future case.  He is correct.  As we explain below, to construe subdivision (b)(4) as did Judges Ransom and Koller would be contrary to the intent of the voters in passing Proposition 36.

"In construing a statute, '[t]he fundamental rule is that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citation.]" (*People v. Sisuphan* (2010) 181 Cal.App.4th 800, 806.)  " 'The manifest purpose behind Proposition 36 was to divert into treatment those persons whose *only* offenses were nonviolent drug possession offenses.  Proposition 36 explained its intent, among other things, to (1) "divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses"; and (2) "enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies." ' [Citations.]" (*People v. Dagostino* (2004)

---

[2]  As cited by Judge Koller, defendant's prior record was the following:  "[H]e has four state prison commitments for drugs, possession and possession for sale. [¶]  He has one state prison, non-drug 459 in 2006. [¶]  He was committed to state prison on all of those matters on the same date, August 28th of 2006. [¶]  He has parole violations in '07, '08, '09, 2010 and 2011."

4

117 Cal.App.4th 974, 986-987.) Indeed, Proposition 36 " '[a]nticipat[es] that drug abusers often initially falter in their recovery,' " which is why it " 'gives offenders several chances at probation before permitting a court to impose jail time.' " (*Dagostino*, at p. 987.)

In some instances a defendant's prior record of failure in treatment may be highly relevant in determining his amenability to treatment. But if we were to accept Judge Koller's construction of subdivision (b)(4), defendant's refusals in either of his 2002 and 2004 cases would forever render him ineligible for Proposition 36 treatment in all future cases, notwithstanding any positive changes defendant might have made in the interim. Such a result is inconsistent with Proposition 36's intent to provide continued treatment for nonviolent drug offenders and its recognition that while such offenders frequently initially falter in the program, they may still be successful in future attempts. Consequently, we conclude that a defendant's refusal in a prior case cannot be used under subdivision (b)(4) to exclude the defendant from Proposition 36 treatment in a future case.

That our construction is correct is bolstered by an analogous situation in *People v. Espinoza* (2003) 107 Cal.App.4th 1069 (*Espinoza*). There the defendant, an illegal alien, was convicted of possession of heroin (*id*. at p. 1071) but was denied Proposition 36 treatment by the trial court because he was " 'not really expressing a real desire to be in it' " (*Espinoza*, at p. 1072). The defendant appealed and the People argued, inter alia, that the defendant was ineligible for Proposition 36 treatment under subdivision (b)(4) "because he refused drug treatment as a condition of probation," the refusal being his failure to attend drinking driver programs in prior alcohol-related convictions. (*Espinoza*, at p. 1073.) The appellate court rejected the argument, stating: "Setting aside our substantial doubt that a drinking driver program qualifies as a 'drug treatment program' for purposes of section 1210.1, subdivision (b)(4) simply means that the court may refuse probation to a nonviolent drug offender when the offender refuses to accept drug

treatment as a condition of his probation.  A *past* refusal of drug treatment in some *other* case . . . is immaterial under that subdivision."[3]  (*Espinoza*, at p. 1073, fn. omitted.)

From the foregoing, we conclude that a defendant's refusal of drug treatment in a prior case or cases cannot be used pursuant to subdivision (b)(4) to exclude him or her from Proposition 36 treatment in a different case.

### Defendant's Purported Ineligibility under Subdivision (b)(5)

Subdivision (b)(5) excludes from Proposition 36 treatment "[a]ny defendant who has two separate convictions for nonviolent drug possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210."  Section 1210, subdivision (b) defines "drug treatment" as "a state licensed or certified community drug treatment program, which may include one or more of the following:  drug education, outpatient services, narcotic replacement therapy, residential treatment, detoxification services, and aftercare services."  "Clear and convincing evidence" means "evidence which is so clear as to leave no substantial doubt and as sufficiently strong to command the unhesitating assent of every reasonable mind.  [Citations.]  It has been said that a preponderance calls for probability, while clear and convincing proof demands a *high probability*."  (*In re Terry D.* (1978) 83 Cal.App.3d 890, 899.)

Here, with respect to defendant's unamenability to drug treatment within the meaning of subdivision (b)(5), Judge Koller stated:  "I've previously indicated that the defendant is unamenable to treatment, in that he has had many opportunities and squandered them all.  [¶]  His full record I indicated earlier."  While it is true that

---

[3]  The appellate court did, however, uphold the trial court's ruling excluding the defendant from Proposition 36 on the ground there was a "substantial likelihood of imminent deportation."  (*Espinoza*, *supra*, 107 Cal.App.4th at p. 1076.)

6

defendant's record supported the conclusion that he had "squandered" opportunities for treatment in the past cases, and that fact is not without significance, the court gave no consideration in the present case to what treatment might now be available to defendant within the meaning of section 1210, subdivision (b). Indeed, the court acknowledged that it had received a request by defendant for inpatient or residential treatment because he believed that was what he needed. However, the court did not pursue the matter further, noting simply that defendant was in any event ineligible for Proposition 36 treatment under subdivision (b)(4), as if to suggest that no matter the prospects for success in the future, his prior missteps foreclosed consideration of further treatment attempts. Whatever appeal the court's logic might have in the abstract, it is at odds with the intent of Proposition 36 as expressed in subdivision (b)(5). The evidence is insufficient to support a finding that defendant was disqualified from Proposition 36 treatment pursuant to subdivision (b)(5).

## DISPOSITION

The Sacramento County Superior Court's finding that defendant was unamenable for Proposition 36 treatment is vacated and the judgment sentencing defendant to state prison for 16 months is reversed. The matter is remanded to the Sacramento County Superior Court for further proceedings on defendant's eligibility for Proposition 36 drug treatment.

                                    RAYE          , P. J.

We concur:


        ROBIE          , J.


        MURRAY        , J.


7