Filed 6/2/15  P. v. Guzman CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B253469 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA130604) |
| v. | |
| JOSE JOHN GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed in part and vacated in part; remanded for further proceedings.

Craig C. Kling, under appointment by the Court of Appeal; and Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose John Guzman appeals from the judgment entered following a jury trial that resulted in his convictions for possession of a controlled substance, methamphetamine, and misdemeanor possession of a methamphetamine pipe. The trial court sentenced Guzman to 16 months in local custody. Guzman argues that the trial court erred by denying him probation under Proposition 36, and by imposing a sentence greater than 30 days. He also contends that pursuant to Proposition 47, his felony conviction for possession of a controlled substance must be reduced to a misdemeanor. We vacate the judgment of sentence and remand the matter for resentencing based on a reassessment of Guzman's amenability for drug treatment. On remand the trial court is also directed to determine whether Guzman meets the eligibility requirements to designate the possession of methamphetamine offense a misdemeanor and, if he is eligible, to designate the offense a misdemeanor.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*

On May 31, 2013, just after midnight, Los Angeles County Deputy Sheriff Cuauhtemoc Gonzalez and his partner were on patrol in the parking lot of the Travel Inn Motel in Whittier. Gonzalez observed Guzman arrive at the motel in a taxicab with a female companion. Gonzalez recognized the woman, and believed she was on probation. When Guzman and his companion exited the cab, Gonzalez questioned them. Guzman stated that he was staying in room 208 at the motel, and that there "might be" methamphetamine in the room. Gonzalez conducted a consent search of room 208 and discovered a baggie containing a usable amount of a substance containing methamphetamine, and a glass methamphetamine pipe. After being advised of and waiving his *Miranda* rights,[1] Guzman told Gonzalez that everything in the room was his.

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

He also signed a statement acknowledging ownership of the methamphetamine and pipe and confirming that the search was consensual.[2]

### 2. *Procedure*

Trial was by jury. Guzman was convicted of possession of a controlled substance, methamphetamine, a felony (Health & Saf. Code, § 11377, subd. (a)), and possession of a methamphetamine pipe, a misdemeanor (Health & Saf. Code, former § 11364.1, subd. (a)). The trial court sentenced Guzman to the low term of 16 months in local custody. It imposed a restitution fine, a suspended parole restitution fine, a laboratory analysis fee, a penalty assessment, a court operations assessment, and a criminal conviction assessment. Guzman appeals.

### DISCUSSION

### 1. *Sentencing under Proposition 36*

Guzman contends the trial court erred by sentencing him to a jail term, rather than to Proposition 36 probation, absent an express finding he was unamenable to any and all forms of drug treatment. He further avers that, even if the court had made such a finding, the record did not contain clear and convincing evidence of unamenability, and Penal Code section 1210.1, subdivision (b)(5)[3] authorized only a 30-day sentence, not the 16-month sentence actually imposed. We agree.

### a. *Applicable law*

The Substance Abuse and Crime Prevention Act of 2000, commonly known as Proposition 36, was enacted to divert nonviolent defendants charged with simple drug possession or drug use offenses into community-based substance abuse treatment programs, rather than prison. (*People v. Castagne* (2008) 166 Cal.App.4th 727, 732;

---

[2]    At trial, Guzman testified that he was actually staying in room 207; he had not told Gonzalez the methamphetamine or pipe belonged to him; and he signed the form admitting possession only after the deputies threatened to arrest his companion. He denied the methamphetamine or the pipe were his.

[3]    All further undesignated statutory references are to the Penal Code.

*People v. Tanner* (2005) 129 Cal.App.4th 223, 231; *People v. Esparza* (2003) 107 Cal.App.4th 691, 695-696.) Proposition 36, codified at, inter alia, sections 1210 and 1210.1, mandates probation with a drug treatment condition to any person convicted of a nonviolent drug possession offense. (§ 1210.1, subd. (a) ["Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation"]; *People v. Canty* (2004) 32 Cal.4th 1266, 1275; *People v. Castagne, supra,* at p. 732.) Persons convicted of nonviolent drug offenses are entitled to Proposition 36 probation under section 1210.1, subdivision (a), unless they fall within one of five express statutory disqualifications specified in subdivision (b). (*Castagne, supra,* at p. 732; *People v. Esparza, supra,* at p. 699 ["When a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors . . . ."].) The intent of the voters was "to prevent trial courts from incarcerating and reincarcerating nonviolent drug users. . . . Only defendants who fall into a particular excluded category of persons may be incarcerated." (*People v. Murillo* (2002) 102 Cal.App.4th 1414, 1418.)

Section 1210.1, subdivision (b)(5), is the exception relevant here. That subdivision provides that Proposition 36 probation is not required for "[a]ny defendant who has two separate convictions for nonviolent drug possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210.[4] Notwithstanding any other provision of law, the trial court shall sentence that defendant to 30 days in jail." (§ 1210.1, subd. (b)(5).)

---

**4** Section 1210, subdivision (b) defines "drug treatment program" as "a state licensed or certified community drug treatment program, which may include one or more of the following: drug education, outpatient services, narcotic replacement therapy, residential treatment, detoxification services, and aftercare services."

4

b. *Additional facts*

At sentencing, the trial court observed that Guzman had two prior drug-related convictions within the meaning of section 1210.1, subdivision (b)(5), and had completed two separate courses of treatment under Proposition 36. Defense counsel confirmed that Guzman had been sentenced to Proposition 36 probation on the two prior convictions, had successfully completed a treatment program in each, and had earned dismissal of each conviction. Defense counsel conceded, however, that based on the two prior convictions, Guzman was not eligible for Proposition 36 probation.

Defense counsel averred that the maximum sentence the court could impose under section 1210.1, subdivision (b)(5) was 30 days in jail. The prosecutor disagreed. He pointed out that in addition to the two prior Proposition 36 cases, Guzman had suffered other drug-related offenses that predated the enactment of Proposition 36, and Guzman simply had "too many convictions [to] fall within" Proposition 36. The prosecutor urged that "[i]n theory, he can pick up ten more convictions, and under the defense argument, he would still fall within the 30 days' limitation . . . and that just seems unreasonable to expect that." The trial court reasoned that the statute was ambiguous. It interpreted the subdivision's last phrase – "the trial court shall sentence that defendant to 30 days in jail"—to mean that the court was required to sentence Guzman to no less than 30 days, but could impose a greater sentence. (§ 1210.1, subd. (b)(5).) A contrary conclusion was illogical, because it "would give him a max[imum] 30-day sentence indefinitely." The court explained: "There's no dispute . . . that Mr. Guzman has, in fact, been sentenced to [Proposition] 36 previously, twice, two times before. He's also had numerous other convictions for narcotics-related offenses and non-narcotic-related offenses, . . . primarily . . . misdemeanors. [¶] Based on his prior history – and . . . for purposes at least for this particular code section, I'm finding that he falls within the purview of that 1210[.1] (b)(5), but I'm interpreting [§ 1210.1, subd. (b)(5)] as being not a 30-day limit but a 30-day minimum. [¶] I'm going to find based on his criminal history as articulated in the early disposition report and the fact that he has suffered those prior convictions, for

5

which I can take judicial notice." Accordingly, the trial court imposed a 16-month sentence.

### c. *Absence of unamenability finding*

Guzman contends the trial court improperly denied Proposition 36 probation because it did not find he was "unamenable to any and all forms of available drug treatment" as required by section 1210.1, subdivision (b)(5). The People concede the point, and we agree. Neither the court, the prosecutor, nor defense counsel ever mentioned the issue of amenability, but simply assumed subdivision (b)(5) applied because Guzman had suffered two prior qualifying offenses and had participated in two courses of treatment.[5] To the contrary, under the plain language of the statute, a prerequisite to application of the exception is that the court find "by clear and convincing evidence" that the defendant is "unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210." (§ 1210.1, subd. (b)(5).)

Assuming arguendo an implied finding of unamenability might have sufficed, the record does not contain evidence from which we can infer such an implicit finding. (See *People v. Tanner, supra,* 129 Cal.App.4th at p. 237 [where defendant did not admit he was unamenable to treatment, the prosecutor did not raise the amenability issue, and the probation report was equivocal on the question, the court could not "find the trial

---

[5]     The issue is not waived or forfeited on appeal despite the fact Guzman did not object to the absence of an unamenability finding below. "When a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors . . . . Placement of eligible defendants in Proposition 36 programs is not a discretionary sentencing choice made by the trial judge and is not subject to the waiver doctrine." (*People v. Esparza, supra,* 107 Cal.App.4th at p. 699.) Moreover, it is apparent that the court, defense counsel, and the prosecutor were all operating under the incorrect assumption that Guzman's two prior convictions and courses of treatment, without more, precluded Proposition 36 probation pursuant to section 1210.1, subdivision (b)(5). Under these circumstances, there was no forfeiture. (See *People v. Tanner, supra,*129 Cal.App.4th at p. 238 [where the court and all counsel were operating under a mistaken belief that Proposition 36 probation would automatically be revoked if the probationer had three violations of drug-related probation conditions, defendant's failure to object to the trial court's termination of probation did not waive the issue on appeal].)

6

court even impliedly found [the defendant] was unamenable to drug treatment under the Act"].) The trial court here focused entirely on the number of Guzman's prior convictions, not his amenability to treatment. Nothing in the record suggests Guzman is obviously unamenable. Guzman successfully completed drug treatment programs in connection with the two prior Proposition 36 convictions. There was no showing he had received treatment for the 1984 and 1991 convictions that predated Proposition 36. The probation report did not suggest Guzman was unamenable to treatment. To the contrary, it stated: "Although the defendant has an extensive criminal record, he remains eligible and a suitable candidate for probation supervision. The defendant is gainfully employed and does not appear to pose a threat to the community since his prior offenses are mainly drug related. Therefore, a formal grant of probation with certain strict terms and conditions may serve as a deter[r]ent and en[c]ourage the defendant to seek rehabilitation."

*People v. Juhasz* (2013) 220 Cal.App.4th 133, is instructive. There, the defendant had failed at two prior attempts at Proposition 36 treatment. Based on these two failures, two trial judges found him unamenable within the meaning of section1210.1, subdivision (b)(5). One of the judges reasoned he was unamenable because " 'he has had many opportunities and squandered them all.' " (*People v. Juhasz, supra,* at p. 137.) Noting that clear and convincing evidence means evidence which is so clear as to leave no substantial doubt, the appellate court held that the evidence was insufficient to support a finding of unamenability. (*Id.* at p. 139.) It reasoned: "While it is true that defendant's record supported the conclusion that he had 'squandered' opportunities for treatment in the past cases, and that fact is not without significance, the court gave no consideration in the present case to what treatment might now be available to defendant within the meaning of section 1210, subdivision (b)." (*Ibid.*) The trial court ignored the defendant's request for treatment, simply suggesting "that no matter the prospects for success in the future, his prior missteps foreclosed consideration of further treatment attempts. Whatever appeal the court's logic might have in the abstract, it is at odds with the intent of Proposition 36 as expressed in subdivision (b)(5)." (*Ibid.*)

If two failed attempts at treatment pursuant to Proposition 36 were insufficient to show unamenability in *Juhasz,* Guzman's two prior successful completions of treatment cannot be sufficient. Accordingly, the trial court erred by denying Proposition 36 probation without conducting a hearing on the issue and making a finding that clear and convincing evidence demonstrated unamenability. We therefore vacate the 16-month sentence and remand for further proceedings. (*People v. Muldrow* (2006) 144 Cal.App.4th 1038, 1041.)

d. *Section 1210.1, subdivision (b)(5) requires a 30-day sentence, not a 30-day minimum.*

Guzman argues that the trial court erred by imposing a 16-month sentence. He contends that the only permissible sentence was the 30 days in jail mandated by section 1210.1, subdivision (b)(5). The People disagree, contending the 30-day sentence referenced in subdivision (b)(5) is a statutory minimum, not a fixed term.

This issue is moot in light of our vacation of the sentence. (See *People v. Castagne, supra,* 166 Cal.App.4th at p. 737, fn. 3.) However, for the trial court's guidance on remand, we note that *People v. Harbison* (2014) 230 Cal.App.4th 975, recently rejected the People's characterization of the statute. In *Harbison,* a divided court concluded that "persons who are convicted of simple possession of controlled substances and found to be unamenable to treatment" under section 1210.1, subdivision (b)(5) "must be sentenced to 30 days in jail—no more, no less, and nothing else . . . ." (*Harbison, supra,* at p. 978.)

2. *Reduction of count 1 to a misdemeanor under Proposition 47*

On November 4, 2014, while Guzman's appeal was pending, the electorate enacted Proposition 47, "The Safe Neighborhoods and Schools Act." It went into effect the following day. (Cal. Const., art II, § 10, subd. (a).) Proposition 47's uncodified findings and declarations state that the purpose of the law was to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs . . . ." (Note, Deering's Ann. Penal Code, § 1170.18

8

(2015 supp.) p. 79.) To that end, Proposition 47 amended various provisions of the Penal and Health and Safety Codes to reduce certain drug and theft offenses to misdemeanors, unless committed by ineligible defendants. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; see Couzens & Bigelow, Proposition 47 (Feb. 2015) p. 24, at <http://www.courts.ca.gov/documents/Prop-47-information.pdf [as of May 20, 2015].) As pertinent here, Proposition 47 amended Health and Safety Code section 11377 to define simple possession of methamphetamine as a misdemeanor, unless the defendant has suffered a prior conviction for specified serious or violent offenses or is required to register as a sex offender pursuant to section 290. (Health & Saf. Code, §§ 11377, subd. (a),[6] 11055, subd. (d)(2); *People v. Lynall, supra,* at pp. 1108-1109.)

Proposition 47 also added section 1170.18, which creates both a resentencing procedure for defendants currently serving felony sentences, and a reclassification procedure for defendants who have already completed their sentences. Section 1170.18, subdivisions (a) and (b) provide that a person currently serving a felony sentence for an offense that is now a misdemeanor may petition for a recall of that sentence and request resentencing. If the court determines that the person meets the resentencing criteria, it

---

[6] As amended by Proposition 47, Health and Safety Code section 11377, subdivision (a) provides: "Except as authorized by law and as otherwise provided in subdivision (b) or Section 11375, or in Article 7 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who possesses any controlled substance which is (1) classified in Schedule III, IV, or V, and which is not a narcotic drug, (2) specified in subdivision (d) of Section 11054, except paragraphs (13), (14), (15), and (20) of subdivision (d), (3) specified in paragraph (11) of subdivision (c) of Section 11056, (4) specified in paragraph (2) or (3) of subdivision (f) of Section 11054, or (5) specified in subdivision (d), (e), or (f) of Section 11055, unless upon the prescription of a physician, dentist, podiatrist, or veterinarian, licensed to practice in this state, shall be punished by imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code."

shall resentence the person as a misdemeanant, unless it determines that resentencing would pose an unreasonable risk of danger to public safety.[7] (See *People v. Lynall, supra,* 233 Cal.App.4th at p. 1109.)

The reclassification procedure is set forth by section 1170.18, subdivisions (f) through (h). Those subdivisions state: "(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of

---

[7] Section 1170.18, subdivisions (a) through (c), provides: "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. In exercising its discretion, the court may consider all of the following:

"(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes.

"(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated.

"(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.

"(c) As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."

10

conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.  [¶]  (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor.  [¶]  (h) Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)."

Thus, the "procedure for resentencing is generally more formal and similar to resentencing under [The Three Strikes Reform Act of 2012], with a determination of whether the petitioner poses an unreasonable risk of danger to public safety if resentenced.  The procedure for reclassification is more informal, potentially done without a court hearing and without any consideration of dangerousness."  (Couzens & Bigelow, Proposition 47, *supra,* at p. 28.)  Neither the resentencing nor the reclassification procedures are available to persons who have suffered enumerated serious or violent felonies, or who are required to register as sex offenders.  (§ 1170.18, subd. (i).)

In a supplemental brief, Guzman argues that he is entitled to have this court reduce his felony conviction for violation of Health and Safety Code section 11377 to a misdemeanor, given Proposition 47's amendment of that section.  He avers that he does not have a disqualifying prior conviction, and therefore "is entitled to a reduction in the severity of his conviction from a felony to a misdemeanor and a corresponding reduction in sentence."  The People suggest the choice is between remanding to the trial court for automatic reclassification, or requiring appellant to file a petition for reduction in sentence pursuant to section 1170.18, subdivisions (a) through (c), once the judgment is final.  They contend that the latter is the appropriate procedure.

The parties argue that the answer to this question turns on whether Proposition 47 applies retroactively to persons, like Guzman, whose judgments were not final at the time Proposition 47 was enacted.  Our Supreme Court is currently considering the related question of whether the definition of "unreasonable risk of danger to public safety" in Proposition 47 (see § 1170.18, subd. (c)) applies retroactively to the Three Strikes Reform Act of 2012.  (See *People v. Chaney* (2014) 231 Cal.App.4th 1391, review

11

granted Feb. 18, 2015, S223676; *People v. Valencia* (2014) 232 Cal.App.4th 514, review granted Feb. 18, 2015, S223825.)

Courts have considered the question of retroactivity in regard to analogous provisions of the Three Strikes Reform Act. That act amended the "Three Strikes" law to provide that a defendant who has been convicted of two prior strikes is generally subject to a 25-years-to-life sentence only if the third, current felony is serious or violent. (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285-1286.) Like Proposition 47, the Three Strikes Reform Act created a postconviction release procedure, whereby eligible defendants may petition the trial court for recall of sentence and resentencing. (§ 1170.126; *People v. Yearwood, supra,* at p. 170.) The question of whether the Three Strikes Reform Act's resentencing provisions apply retroactively to a defendant who was sentenced before the act's effective date, but whose judgment was not final until after that date, has engendered a split of opinion in the Courts of Appeal and is currently pending before our Supreme Court. (See *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275; *People v. Lester* (2013) 220 Cal.App.4th 291, review granted Jan. 15, 2014, S214648; *People v. Lewis* (2013) 216 Cal.App.4th 468, review granted Aug. 14, 2013, S211494; *People v. Contreras* (2013) 221 Cal.App.4th 558, review granted Jan. 29, 2014, S215516.)

Although the Supreme Court has granted review in cases finding the Three Strikes Reform Act should be applied retroactively, as well as cases holding it has only prospective application, one case espousing the latter view remains good law: *People v. Yearwood, supra,* 213 Cal.App.4th 161. Because of the similarities between the Three Strikes Reform Act and Proposition 47, cases construing the former provide helpful analysis of similar provisions of Proposition 47. In *Yearwood,* the defendant was sentenced as a third strike offender under the former law. Before his judgment was final, voters approved the Three Strikes Reform Act. (*People v. Yearwood, supra,* 213 Cal.App.4th at pp. 167-168.) Yearwood argued he was entitled to an automatic remand for resentencing. *Yearwood* concluded the Three Strikes Reform Act did not apply

12

retroactively to persons who were *sentenced* prior to that act's effective date, even if their judgments were not final as of that date. (*People v. Yearwood, supra,* at p. 168.) *Yearwood* first addressed the application of *In re Estrada* (1965) 63 Cal.2d 740. *Estrada* held: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Id.* at p. 745.) Therefore, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*Id.* at p. 748.) *Yearwood* found *Estrada* inapplicable to the Three Strikes Reform Act because section 1170.126's recall and resentencing provision "operates as the functional equivalent of a saving clause." (*People v. Yearwood, supra,* 213 Cal.App.4th at pp. 168, 175.) Therefore, a remand for resentencing was improper, and Yearwood's remedy was to file a petition for recall and resentencing under section 1170.126. (*Ibid.*)

Based on *Yearwood,* the court in *People v. Noyan* (2014) 232 Cal.App.4th 657, 672, rejected the argument that Proposition 47 applies retroactively, and held instead that the defendant there was "limited to the statutory remedy of petitioning for recall of sentence in the trial court once his judgment [was] final . . . ."

Guzman argues that the *Estrada* rule should apply here. In his view, Proposition 47 contains no saving clause. He observes that, when addressing the issue of conduct credits, *People v. Brown* (2012) 54 Cal.4th 314 limited *Estrada*'s holding to situations in which a new law reduces the sentence for a given offense, and that is "exactly what Proposition 47 does." He also urges that based on an analysis of the factors enumerated in section 1170.18, subdivision (b), he does not pose a risk of danger to the public.

13

The People counter that, because Guzman is "currently serving a sentence for a felony conviction," his remedy is to file a section 1170.18, subdivision (a) petition for recall of sentence after his judgment is final to allow the court to determine whether he is eligible for resentencing and whether he poses a risk of danger to public safety. They make the following arguments. The general rule that statutes operate prospectively should apply here. (See § 3 [no part of the Penal Code "is retroactive, unless expressly so declared"].) Just as section 1170.126 operates as the functional equivalent of a saving clause in the Three Strikes Reform Act, section 1170.18 is the functional equivalent of a saving clause in Proposition 47. The plain language of the statute demonstrates that the section 1170.18 resentencing procedure applies to any defendant who was serving a sentence for a Proposition 47 qualifying offense when Proposition 47 became effective, regardless of whether the judgment of conviction was final. The voter guide for Proposition 47 assured voters that "Proposition 47 does not require automatic release of anyone," and would not require a court to release a defendant if it concluded the offender was likely to commit a specified severe crime. (See Voter Information Guide, Gen Elec. (Nov. 4, 2014), p. 36; rebuttal to argument against Prop. 47, p. 39, italics omitted.) From these statements, the People reason that the statute is not retroactive and an offender must use the section 1170.18 petition or application procedure.

We agree that, in general, Proposition 47 is not retroactive, because section 1170.18 operates as the functional equivalent of a saving clause. (See *People v. Noyan, supra,* 232 Cal.App.4th at p. 672; *People v. Yearwood, supra,* 213 Cal.App.4th at pp. 168, 175.) Thus, if Guzman had been properly sentenced prior to Proposition 47's effective date, and was either serving or had completed his sentence, we would agree that automatic remand for reclassification would be improper. Instead his remedy would be to file a section 1170.18 petition for recall of sentence under subdivision (a), or for reclassification under subdivision (f). However, the somewhat unique procedural posture of this case complicates the issue and the parties' arguments. Guzman was sentenced pursuant to Proposition 36, The Substance Abuse and Crime Prevention Act of 2000. On remand, under Proposition 36, he will not be treated as a felon: if he has not already

14

completed his sentence, Guzman will either receive Proposition 36 probation or a jail term of 30 days. Thus, the question of resentencing and reduction in sentence is moot.

That leaves the question of reclassification of his crime as a misdemeanor. There appears to be no real dispute that Guzman is eligible to have his Health and Safety Code section 11377 conviction designated as a misdemeanor: the parties agree he has not suffered a disqualifying prior conviction, nor is he required to register as a sex offender. It also appears quite likely that he has already served his sentence: he was sentenced on October 31, 2013, to 16 months in jail, a greater term than the 30 days that might be imposed on remand. If he were to apply, after completion of his sentence, to have the crime designated as a misdemeanor pursuant to section 1170.18, subdivision (f), the trial court would determine eligibility without regard to the question of public risk. Therefore, assuming the parties are correct that Guzman has not suffered a disqualifying conviction, there is little doubt that one way or another, his crime will eventually be designated as a misdemeanor.

Because we are vacating the original sentence and remanding for resentencing, the question of retroactivity is not dispositive. *Yearwood* explained: "It is undisputed that *if appellant had been sentenced* for the marijuana possession conviction *after the effective date of the Act*, an indeterminate life sentence would not have been imposed," that is, the Three Strikes Reform Act's amended sentencing rules would apply. (*People v. Yearwood, supra,* 213 Cal.App.4th at p. 168, italics added.) As Couzens and Bigelow explain, assuming *Yearwood* remains good law and applies to Proposition 47, "[i]f the crime was committed prior to November 5, 2014, *but sentenced after that date*, the new sentencing rules will apply to the case. This means that all persons charged with qualified crimes that have not been convicted or sentenced as of November 5th will be entitled to misdemeanor treatment without the need to request any kind of a resentencing under section 1170.18. The procedures authorized by section 1170.18 clearly apply only to persons either serving a sentence or who have completed a sentence – circumstances not applicable to persons who have not even been sentenced." (Italics added.)

While Guzman was originally sentenced before Proposition 47's effective date, we are vacating that sentence. Consequently, for all practical purposes, Guzman is now being sentenced *after* Proposition 47's effective date. Thus, on remand, if the trial court finds Guzman is eligible–that is, if it finds he has not suffered a disqualifying conviction listed in Health and Safety Code section 11377, and is not subject to a sex offender registration requirement -- his conviction for violation of Health and Safety Code section 11377 should be designated a misdemeanor without the need for him to file an application for reclassification.

## DISPOSITION

The judgment of conviction is affirmed. The judgment of sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with the views expressed in this opinion. If the trial court determines that Guzman meets the eligibility requirements in Health and Safety Code section 11377, it shall designate the conviction for possession of methamphetamine in violation of Health and Safety Code section 11377 to be a misdemeanor. Based on the parties' stipulation at oral argument, this opinion shall be final as to this court five days after it is filed. (Cal. Rules of Court, rule 8.272(c)(1).)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

EGERTON, J.*

---

* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.