*978 Opinion
PERREN, J.
Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (the Act), was approved by the voters in the November 7, 2000, General Election. The Act dramatically changed the options for sentencing defendants convicted of nonviolent drug possession offenses,[1] “[Notwithstanding any other provision of law.” (Pen. Code, § 1210.1, subd. (a).)[2] As with sentencing pursuant to the determinate, indeterminate, and violent sex crime statutes, the Act establishes yet another unique alternative sentencing scheme. (See People v. Neely (2009) 176 Cal.App.4th 787, 798-800 & fn. 7 [97 Cal.Rptr.3d 913].)
The Act’s alternative sentencing scheme mandates probation and drug treatment instead of incarceration for qualifying offenders. (§ 1210.1, subd. (a).)[3] It also specifies five categories of such offenders who are ineligible for treatment. This case concerns one discrete category: those who have at least twice participated in two separate courses of drug treatment under section 1210.1, subdivision (a) and are “found by the court ... to be unamenable to any and all forms of available drug treatment.” (§ 1210.1, subd. (b)(5).)[4] The Act underscores the exclusivity of this section by stating, “Notwithstanding any other provision of law, the trial court shall sentence [such] defendants] to 30 days in jail.” (§ 1210.1, subd. (b)(5).) Here we hold that persons who are convicted of simple possession of controlled substances and found to be unamenable to treatment must be sentenced to 30 days in jail—no more, no less, and nothing else, “[Notwithstanding any other provision of law.” (Ibid.)
Jeffrey Harbison appeals from the judgment following his conviction by jury of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and being under the influence of methamphetamine. (Id., § 11550, subd. (a).) The trial court found appellant was not amenable to treatment, pursuant to section 1210.1, subdivision (b)(5); placed him on probation for *979 three years; and imposed multiple conditions including 120 days in county jail. Appellant contends the only sentence that the trial court could impose was the mandated 30 days in jail. (§ 1210.1, subd. (b)(5).) We agree and strike the order granting appellant probation and direct the trial court to impose the mandated 30-day jail sentence. We also modify the judgment to reflect the imposition of a mandatory fee and assessment, but otherwise affirm.
FACTUAL AND PROCEDURAL BACKGROUND

The Current Offenses

Appellant was the passenger in a car stopped by a police officer for having a faulty taillamp. The officer examined appellant, concluded he was under the influence of a controlled substance and arrested him. In the ensuing search of appellant, the officer found a plastic bottle containing 0.71 grams of methamphetamine. The jury convicted appellant of possessing and being under the influence of methamphetamine.

Appellant’s History

Appellant was 57 years old at the time of sentencing. At age 30 he began abusing controlled substances. A decade later methamphetamine became his drug of preference and he used it daily. In 1997 he was first convicted of personal possession of methamphetamine. (Health & Saf. Code, § 11377.) He was granted diversion but failed in that program. Charges were reinstated. From 1997 through 2003 he was convicted seven times of possessing or being under the influence of methamphetamine and was repeatedly placed on probation which he violated with equal frequency. In 2001 his probation was converted to Proposition 36 probation.
In November 2003 his probation was terminated and he was sentenced to a determinate prison term. (§ 1210.1, former subd. (e)(1).) Appellant was released on parole in January 2005. Five months later he reoffended and was again placed on Proposition 36 probation. This grant was terminated in January 2007 for being under the influence of a controlled substance. He was subsequently granted formal probation “without regard to the provisions of [Proposition 36]” including a condition that he serve 90 days in jail. (§§ 1210.1, former subd. (e)(1), 1203.) In 2013 he was convicted of the present charges.

The Current Sentence

At the probation and sentencing hearing the court and counsel discussed Proposition 36 treatment as an option. Considerable attention was given to *980 appellant’s record and the statements of his sister and his father. Their concern for appellant and their frustration with him were evident. The prosecutor argued that appellant was not amenable to treatment. The trial court agreed and found “by clear and convincing evidence [that appellant was] unamenable to any and all forms of available drug treatment.” (§ 1210.1, subd. (b)(5).)
In discussing the appropriate sentence, the prosecutor argued that notwithstanding its express language, section 1210.1, subdivision (b)(5) set a minimum term of 30 days in custody as a component of the court’s sentence. Appellant’s counsel disagreed, arguing that the statute mandated a sentence of 30 days in jail. The trial court stated it had “the obligation and right[] under the Rules of Court and principles of sentencing to impose what it deem[ed] appropriate.” It continued, stating appellant’s case should not “be treated differently than any other individual non-proposition [36] felony drug case similarly situated.” Based upon the amount of methamphetamine appellant possessed (0.71 grams), as well as other factors, the trial court suspended imposition of sentence and placed him on probation for three years, including a condition that he serve 120 days in jail.
DISCUSSION
Appellant contends that the trial court erred by granting him probation because the only sentence authorized by section 1210.1, subdivision (b)(5) is a 30-day jail term. We agree.
“Issues of statutory interpretation are questions of law subject to de novo review.” (People v. Simmons (2012) 210 Cal.App.4th 778, 790 [148 Cal.Rptr.3d 554].) “In interpreting a voter initiative such as Proposition 36, we apply the same principles that govern the construction of a statute. [Citations.] ‘ “Our role in construing a statute is to ascertain the Legislature’s intent so as to effectuate the purpose of the law. [Citation.]” ’ ” (People v. Canty (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168] (Canty).) In the case of a voter initiative, “ ‘ “[o]ur role ... is to ascertain the Legislature’s intent [f] Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. ... If the language is clear and unambiguous, we follow the plain meaning of the measure .... ‘[T]he “plain meaning” rule does not prohibit a court from determining whether the literal meaning of a measure comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.’ ” (Ibid., citations omitted.) The language of the initiative, and the analyses and argument in the official ballot pamphlet reflect the voters’ intent. (People v. Briceno (2004) 34 Cal.4th 451, 459 [20 Cal.Rptr.3d 418, 99 P.3d 1007].)

*981
Section 1210.1, Subdivision (b)(5) Mandates a 30-day Jail Sentence

“In enacting Proposition 36, the California electorate declared its purpose and intent: ‘(a) To divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [f] (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment; and [][] (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies.’ (Prop. 36, § 3.)” (People v. Guzman (2003) 109 Cal.App.4th 341, 346 [134 Cal.Rptr.2d 727].)[5]
“Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses. In effect, it acts as an exception to the punishment specified in an individual narcotics offense.” (In re Varnell (2003) 30 Cal.4th 1132, 1136 [135 Cal.Rptr.2d 619, 70 P.3d 1037], italics added.) That scheme mandates probation and treatment in lieu of incarceration for most nonviolent drug offenders, pursuant to section 1210.1, subdivision (a). (Canty, supra, 32 Cal.4th at p. 1275.) “The mandate of probation and treatment, however, does not apply to five defined classes of defendants . . in subdivision (b) of section 1210.1.[6] (Varnell, at p. 1136.) Those other classes have been “summarized as: 1) conviction of prior strike offenses within five years; 2) convictions in the same proceeding for a nondrug *982 misdemeanor or for any felony; 3) firearm involvement; 4) refusal of drug treatment; and 5) two prior failures in Proposition 36 treatment programs and proof of unamenability to drug treatment.” (People v. Esparza (2003) 107 Cal.App.4th 691, 696 [132 Cal.Rptr.2d 377].)
Appellant was ineligible for Proposition 36 probation pursuant to subdivision (b)(5) of section 1210.1, because he was “found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment.” That statute instructs that as a consequence of such a finding, appellant was to be sentenced to 30 days in jail “[n]otwithstanding any other provision of law.” (§ 1210.1, subd. (b)(5), italics added.)* **[7] “If exclusion is based on any grounds other than section 1210.1(b)(5), traditional sanctions may be imposed.” (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2014) ¶ 9:7, p. 9-17.)
Respondent urges us to construe the 30-day sentence mandated by section 1210.1, subdivision (b)(5) as a statutory minimum. We cannot do so, however, without inserting “at least” into the statute, under the guise of interpreting unambiguous statutory language. (People v. Guzman (2005) 35 Cal.4th 577, 587 [25 Cal.Rptr.3d 761, 107 P.3d 860].) Doing so would “ ‘violated the cardinal rule of statutory construction that courts must not add provisions to statutes. [Citations.] This rule has been codified in California as [Code of Civil Procedure] section 1858, which provides that a court must not “insert what has been omitted” from a statute.’ [Citation.]” (Id. at p. 587.)
Respondent argues that interpreting section 1210.1, subdivision (b)(5) “as setting a fixed term of only 30 days” leads to the absurd result of “completely abrogating] the existing statutory scheme for recidivist narcotics offenders.” We disagree. As the Legislative Analyst explained, “certain offenders would be excluded from [the provisions of Proposition 36] and thus could be sentenced by a court to a state prison, county jail, or probation without drug treatment^ including] an offender who . . . was under the influence of certain . . . illegal drugs while using a firearm.” (Voter Information Guide, supra, analysis of Prop. 36 by the Legislative Analyst, p. 23.) As its proponents explained, Proposition 36 is “strictly limited [and] only affects those guilty of simple drug possession”; and several categories of defendants will not be eligible for treatment, including those with previous recent violent *983 or serious felony convictions, those convicted of selling drugs, and those convicted of a nondrug crime along with drug possession. (Voter Information Guide, supra, argument in favor of Prop. 36, p. 26.) Further, “[i]f probation is revoked pursuant to [the Act], the defendant may be incarcerated pursuant to otherwise applicable law without regard to the provisions of this section.” (§ 1210.1, former subd. (e)(1).)
Respondent asserts that if the 30-day sentence of section 1210.1 subdivision (b)(5) is not treated as a statutory minimum, it will cause the absurd result of punishing repeat narcotics offenders who are not amenable to treatment less severely than Proposition 36 probationers under certain circumstances. But such a result is consistent with the purpose and intent of the initiative. Proposition 36 is a comprehensive sentencing scheme directed at those charged with possession of controlled substances for personal use. It provides for probation, mandating treatment for substance abusers while excluding incarceration for those coming within its sweep. It deals with the reality of failure by providing for reinstatement of probation up to three times before “the defendant may be incarcerated pursuant to otherwise applicable law . . . .” (§ 1210.1, former subd. (e)(1).) The 30-day jail sentence for defendants found to be unamenable to treatment comports with the stated purposes of Proposition 36. Limiting their sentence to 30 days reduces the wasteful expenditure of money on the incarceration—and reincarceration—of nonviolent drug users.[8] It also enhances public safety by preserving jails and prison cells for serious and violent offenders.[9] (Voter Information Guide, supra, pp. 26, 66; Prop. 36, § 3; People v. Guzman, supra, 109 Cal.App.4th at p. 346.)
Asserting that the 30-day mandatory sentence fails to encourage drug treatment and deter recidivism, the dissent offers that the appropriate remedy is to construe the provision as a “mandatory minimum period of incarceration as a condition of probation.” (Dis. opn., post, at p. 989.) But the trial court has found by clear and convincing evidence that appellant is unamenable to treatment. He has walked that path repeatedly and failed. Simply put—it will not work.[10] Appellant has received all that the dissent suggests and more. For *984 nearly two decades he has received probation, drug programming and treatment under Proposition 36—all the services the court has to offer. He has served time in both county jail and state prison, all to no avail. He has neither been deterred nor dissuaded. He is an addict. He continues to damage himself and his family. Programming, probation, jail and prison have been for naught. The dissent’s suggestion is simply to offer more of the same.[11]
Respondent argues that construing the section 1210.1, subdivision (b)(5) 30-day sentence as a minimum term is necessary to avoid “entirely removing] the court’s discretion to impose appropriate probation and punishment options.” That argument fails because “the electorate may eliminate the court’s power to make certain sentencing choices . . . .” (People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 516 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Furthermore, as we have explained, the voters did not restrict the court’s discretion to impose a traditional sentence upon those ineligible for Proposition 36 treatment under the four other categories specified in section 1210.1, subdivision (b). (§ 1210.1, subd. (b)(1)-(4); Couzens et al., Sentencing Cal. Crimes.) The 30-day jail sentence mandated by section 1210.1, subdivision (b)(5) does not apply to defendants who are ineligible for treatment for having a recent prior serious or violent felony conviction (§ 1210.1, subd. (b)(1)); having a concurrent charge that is not related to the use of drugs (id., subd. (b)(2)); being armed while committing the drug offense (id., subd. (b)(3)); or refirsing treatment (id., subd. (b)(4)). They may be punished “without regard to the provisions” of Proposition 36. (§ 1210.1, former subd. (e)(1).)
We also reject respondent’s claim that the drafters of the Act intended to set a minimum 30-day term of incarceration in section 1210.1, subdivision (b)(5). The drafters were aware of statutes which set minimum terms. (Horwich v. Superior Court (1999) 21 Cal.4th 272, 283 [87 Cal.Rptr.2d 222, 980 P.2d 927] [recognizing that the drafters of initiatives are presumed to be aware of the existing state of the law].) Indeed, section 1210, subdivision (a) of the Act references Health and Safety Code section 11550, which expressly sets a 90-day minimum term. A minimum term is clearly defined as such in that statute, accompanied by words such as “not less than” or “at least 90 days.” (Health & Saf. Code, § 11550, subd. (a).)[12] The drafters did not use any such terminology to specify the 30-day jail sentence of section 1210.1, *985 subdivision (b)(5) as a minimum term. We will not revise the statute by inserting language to convert the mandatory 30-day sentence into such a minimum. (People v. Guzman, supra, 35 Cal.4th at p. 586.) Any change to this clear declaration should be effected by the electorate or the Legislature, not by judicial fiat.[13]
Moreover, the Act twice states that it applies “Notwithstanding any other provision of law.” (§ 1210.1, subds. (a) & (b)(5).) That phrase is a “ ‘ “term of art” [that] expresses a legislative intent “to have the specific statute control despite the existence of other law which might otherwise govern.” ’ ” (People v. Campos (2011) 196 Cal.App.4th 438, 452 [126 Cal.Rptr.3d 274].) That phrase also “eliminates potential conflicts between alternative sentencing schemes.” (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 524.) Moreover, its reiteration is to be found only in subdivision (b)(5) of section 1210.1, further underscoring the intent of the electorate. The statute’s clarity could have been greater only by stating, “And we really mean it!”
CONCLUSION
The People of this state decided by their vote that those committing simple drug possession offenses should be availed treatment, not punishment. The People also sought “[t]o halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment.” (Prop. 36, § 3.) In addition, the voters identified a separate and discrete class, those defendants who had repeatedly participated in treatment and were found by the court “to be unamenable to any and all forms of available drug treatment.” (Prop. 36, § 5.) They are to be sentenced to 30 days in jail. (§ 1210.1, subd. (b)(5).)
We hold that the unambiguous language of section 1210.1, subdivision (b)(5) means precisely what it says: Notwithstanding any other provision of law, defendants subject to its provisions shall be sentenced to 30 days in jail. In sum, the statute identifies a very narrow group of offenders who have repeatedly been ordered into drug treatment, have failed and have been “found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment.” (Ibid.) That directive arguably serves to “dry them out” without further taxing the limited resources of the *986 justice system. The trial court erred by failing to impose the mandated sentence. “When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified.” (People v. Haskin (1992) 4 Cal.App.4th 1434, 1441 [7 Cal.Rptr.2d 1].) Accordingly, we will modify the judgment by striking the order granting probation and directing the trial court to impose the 30-day sentence upon remand. (§ 1210.1, subd. (b)(5).)[14]
DISPOSITION
The order granting appellant probation is stricken. The cause is remanded to the trial court for imposition of the mandated 30-day sentence. (§ 1210.1, subd. (b)(5).) We modify the judgment further to impose $80 in court security fees (§ 1465.8), and $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)). In all other respects, the judgment is affirmed.
Gilbert, P. J., concurred.

 (Voter Information Guide, Gen. Elec. (Nov. 7, 2000) analysis of Prop. 36 by Legislative Analyst, p. 23 (hereafter Voter Information Guide).)

 All statutory references are to the Penal Code unless otherwise stated. References to section 1210.1 designate Penal Code former section 1210.1 because the 2006 amendments to that section were held unconstitutional and invalid. (People v. Zeigler (2012) 211 Cal.App.4th 638, 647-648, fn. 2 [149 Cal.Rptr.3d 786].) Occasionally section 1210.1 will be identified as “Proposition 36.”

 Section 1210.1, subdivision (a) provides in relevant part: “Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program.”

 Section 1210.1, subdivision (b)(5) does not purport to limit the number of times a defendant can be referred for treatment.

 The intent and purpose of the Act are set forth in section 3 of Proposition 36, the legislative analyst’s analysis, and the proponents’ ballot arguments. (Voter Information Guide, Gen. Elec. (Nov. 7, 2000) text of Prop. 36, § 3, pp. 66, 22-26; see Historical and Statutory Notes, 50D West's Ann. Pen. Code (2004 ed.) foll. § 1210, p. 640.)

 Section 1210.1, subdivision (b) provides: “Subdivision (a) shall not apply to any of the following: [][] (1) Any defendant who previously has been convicted of one or more violent or serious felonies as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, respectively, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in a felony conviction other than a nonviolent drug possession offense, or a misdemeanor conviction involving physical injury or the threat of physical injury to another person. [1] (2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony. [1] (3) Any defendant who, while armed with a deadly weapon, with the intent to use the same as a deadly weapon, unlawfully possesses or is under the influence of any controlled substance identified in Section 11054, 11055, 11056, 11057, or 11058 of the Health and Safety Code, [f] (4) Any defendant who refuses drug treatment as a condition of probation. [<¡[] (5) Any defendant who has two separate convictions for nonviolent dmg possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable *982 to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210. Notwithstanding any other provision of law, the trial court shall sentence that defendant to 30 days in jail.”

 The dissent’s assertion that votors having read the ballot pamphlet would be “shocked” (dis. opn., post, at p. 988) at the mandated 30-day sentence ignores the Legislative Analyst’s ballot statement expressly stating that one found to be unamenable “would be sentenced to 30 days in county jail.” (Voter Information Guide, supra, analysis of Prop. 36 by the Legislative Analyst, p. 23.)

 The Legislative Analyst projected that the Act would result in hundreds of millions of dollars in net savings to the state. (Voter Information Guide, supra, figure 1, p. 25.)

 “California prisons are overcrowded. We don’t want violent criminals to be released early to make room for nonviolent drug users. We must keep violent criminals behind bars, and try a different approach with nonviolent drug users.” (Voter Information Guide, supra, argument in favor of Prop. 36, p. 26.)

 Should defendant reoffend, however, he could be reassessed to determine his amenability to treatment. Section 1210.1, subdivision (b)(5) establishes the minimum number of times a defendant must have participated in drug treatment under the Act. There is no suggestion that having once been found unamenable to “any and all forms of available drug treatment” he could not later be found amenable should he reoffend. (Ibid.)

 To paraphrase the quote often attributed to Einstein: Absurdity is doing the same thing over and over again and expecting different results.

 Health and Safety Code section 11550, subdivision (a) provides in relevant part as follows: “Any person convicted of violating this subdivision is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days .... The court may place a person convicted under this subdivision on probation . . . and, except as provided in subdivision (c), shall in all cases in which probation is granted require, as a condition thereof, that the person be confined in a county jail for at least 90 days.”

 Section 9 of Proposition 36, states: “This act may be amended only by a roll call vote of two thirds of the membership of both houses of the Legislature. All amendments to this act shall be to further the act and shall be consistent with its purposes.” (Voter Information Guide, supra, text of Prop. 36, § 9, p. 69; see Historical and Statutory Notes, 50D West's Ann. Pen. Code, supra, foll. § 1210, p. 640.)

 Respondent asserts that the trial court failed to impose mandatory assessments, surcharge, penalty, and fees: a state penalty assessment (§ 1464); a county penalty assessment (Gov. Code, § 76000); a 20 percent state surcharge of $10 (Pen. Code, § 1465.7); and a court construction penalty of $15 (Gov. Code, § 70372, subd. (a)); $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)); and $80 in court security fees (Pen. Code, § 1465.8). The failure to impose such assessments, and fees, penalties and surcharges is jurisdictional error that can be raised for the first time on appeal. (People v. Stewart (2004) 117 Cal.App.4th 907, 910-912 [12 Cal.Rptr.3d 171].) Appellant contends that section 1210.1, subdivision (b)(5) precludes the court from ordering any fines for a defendant found to be unamenable to treatment. We impose the nonpunitive court security fee and court facilities assessment. (People v. Alford (2007) 42 Cal.4th 749, 757, fn. 4 [68 Cal.Rptr.3d 310, 171 P.3d 32]; People v. Fleury (2010) 182 Cal.App.4th 1486, 1492-1493 [106 Cal.Rptr.3d 722].)