Filed 1/25/16  P. v. Sastre CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>VICTOR MANUEL SASTRE,<br><br>　　　　Defendant and Appellant. | B262877<br><br>(Los Angeles County<br>Super. Ct. No. KA093098) |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Mae G. Alberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant, Victor Manuel Sastre, appeals from the denial of a Penal Code section 1170.18, subdivision (a)[1] resentencing petition.  The trial court found defendant was eligible for resentencing, however; he presented an unreasonable risk of danger to public safety.  We affirm the denial order.

# II.  BACKGROUND

Defendant's prior record is as follows:  a felony vehicle theft conviction in 1997 (Veh. Code, § 10851, subd. (a)); four serious felony first degree residential burglary convictions in 1997, 1998 (two counts) and 2001 (§§ 459, 1192.7, subd. (c)(18)); and two prior misdemeanor convictions, in 2001 and 2006.  Prior to his arrest in this case, defendant had been sentenced to prison on:  July 2, 1997; June 1, 1998; and September 21, 2001.  When arrested in this case, he was the subject of an arrest warrant.  On May 24, 2011, defendant pled no contest to two felony counts.  The first count was for receiving stolen property, a bicycle worth $50 (§ 496, subd. (a)).  The second count 2 was grant theft of personal property, a bicycle worth $2,000 (§ 487, subd. (a)).  Defendant was sentenced to prison for 9 years, 4 months.  On November 4, 2014, the voters approved Proposition 47 which, among other things, enacted section 1170.18, subdivision (a).  If defendant committed his violation of count 1 now, pursuant to section 496, subdivision (a), the offense would be a misdemeanor.  In 2014, while serving his sentence, defendant filed a section 1170.18, subdivision (a) resentencing petition.  As noted above, the trial court denied the petition.  The trial court found that although defendant was eligible for resentencing on count 1, he posed an unreasonable risk of danger to public safety.  As noted, defendant committed his offenses prior to the adoption of section 1170.126.  When defendant committed his offenses in this case, he was subject

---

[1]     Further statutory references are to the Penal Code except where otherwise noted.

to indeterminate 25 years-to-life terms.  (See *People v. Teal* (2014) 60 Cal.4th 595, 596-597; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

## III.  DISCUSSION

Under section 1170.18, subdivision (b), defendant is entitled to be resentenced unless the trial court finds resentencing him would pose an unreasonable risk of danger to public safety.  (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310, fn. 3.)  In exercising its discretion, the trial court was authorized to consider, among other things, defendant's criminal conviction history and any other relevant evidence.  (§ 1170.18, subds. (b)(1) & (b)(3); see *People v. Shabazz, supra,* 237 Cal.App.4th at p. 310, fn. 3.) "Unreasonable risk of danger to public safety" is defined in section 1170.18, subdivision (c), thusly, "[A]n unreasonable risk that the petitioner will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)(iv)]." (See *People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.)  Section 667, subdivision (e)(2)(C)(iv) lists certain offenses or classes of felonies as follows:  "(I)  A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.  [¶]  (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.  [¶]  (III)  A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶]  (IV)  Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.  [¶]  (V)  Solicitation to commit murder as defined in Section 653f.  [¶]  (VI)  Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.  [¶]  (VII)  Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.  [¶]  (VIII)  Any serious and/or violent felony offense punishable in California by

3

a life imprisonment or death." (See *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309, fn. 2.)

The trial court found defendant posed an unreasonable risk of danger to public safety in that: he was a career criminal who, prior to the present theft offenses, had committed four residential burglaries; if he committed a new serious or violent felony, he would be subject to a life sentence under sections 667, subdivisions (b) through (i), and 1170.12; he continued to victimize others even knowing he could receive a life sentence; the risk of a life sentence did not deter him; and it was likely, if resentenced, that he would commit a new felony resulting in a life sentence. Our review is for an abuse of discretion. (Cf. *People v. Franco* (2014) 232 Cal.App.4th 831, 833 [§ 1170.126]; *People v. Losa* (2014) 232 Cal.App.4th 789, 791 [same].) As our Supreme Court explained in *People v. Hovarter* (2008) 44 Cal.4th 983, 1004, "Under the abuse of discretion standard, 'a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' (*People v. Guerra* (2006) 37 Cal.4th 1067, 1113.)" (Accord, *People v. Fuiava* (2012) 53 Cal.4th 622, 650.) Given defendant's criminal conviction history and the law's lack of any effective deterrent effect on him, the trial court did not abuse its discretion in denying his resentencing petition.

As noted, the trial court relied on section 667, subdivision (e)(2)(C)(iv)(VII). The trial court also considered the risk defendant could incur a potential life sentence under sections 667, subdivisions (b) through (i) and 1170.12 once released from prison. This was consistent with the voters' intent in enacting section 1170.18 as part of Proposition 47. To discern the electorate's intent, we look to the proposition's language and the analyses and arguments contained in the ballot pamphlet. (*People v. Briceno* (2004) 34 Cal.4th 451, 459; *People v. Harbison* (2014) 230 Cal.App.4th 975, 980.) The voters' intent in adopting Proposition 47 was to except dangerous and violent offenders from its benefits. Section 2 of Proposition 47 states: "The people enact the Safe Neighborhoods and Schools Act to ensure that prison spending is focused on violent and serious offenses,

4

[and to] maximize alternatives for nonserious, nonviolent crime . . . . This act ensures that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) An argument in favor of Proposition 47 similarly states: "[Proposition 47] includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (Ballot Pamp., *supra,* rebuttal to argument against Prop. 47, p. 39.) The initiative is to be liberally construed. Section 15 states, "This act shall be broadly construed to accomplish its purposes." (Ballot Pamp., *supra,* text of Proposition 47, § 15, p. 74.) The trial court could reasonably find defendant is a dangerous criminal who is not entitled to the benefit of resentencing. The trial court could reasonably rely upon defendant's criminal conviction history and his continued victimization of others despite facing a potential life sentence. And, it bears emphasis when defendant committed the offenses in this case, he could have received indeterminate 25 years to life terms.

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:



KRIEGLER, J.



KUMAR, J. *

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.