Filed 2/16/16  P. v. Espinoza CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE SERRANO ESPINOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B262094<br>(Super. Ct. No. CR40341)<br>(Ventura County) |

Jose Serrano Espinoza appeals the trial court's order resentencing him under Proposition 47 with credit for time served and placing him on one year of supervised parole. (Pen. Code,[1] § 1170.18).  Appellant contends the court erred in concluding that his excess custody credits do not apply against his term of parole.  We affirm.

FACTS AND PROCEDURAL HISTORY

In 1997, appellant was convicted in a court trial of petty theft with prior convictions (§ 666) and second degree burglary (§ 459).  The court also found true allegations that appellant had five prior strike convictions (§ 667, subds. (c), (e)(2), 1170.12, subds. (a), (c)(2)) and had served a prior prison term (§ 667.5, subd. (b)).  Appellant was sentenced to a state prison term of 25 years to life.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In February 2013, appellant petitioned for resentencing as a second-strike offender under Proposition 36. The court granted the petition and sentenced appellant to seven years and four months in state prison, consisting of the upper term of six years for the burglary plus a consecutive term of one year and four months (one-third the midterm) on the section 666 count. Appellant was awarded 5,690 days of custody credit and released from custody with three years of postrelease community supervision (PRCS) (§ 3451).

In November 2014, appellant petitioned for resentencing under Proposition 47 (§ 1170.18). The court granted the petition and reduced both of appellant's convictions to misdemeanors. Appellant was ordered to serve 180 days in county jail with credit for time served and was placed on one year of supervised parole in accordance with section 1170.18, subdivision (d). The court rejected appellant's claim that his excess custody credits should be applied against his term of parole.

DISCUSSION

Appellant contends the trial court erred in refusing to deduct his excess presentence custody credits from the one-year supervised misdemeanor parole term. He claims the result is contrary to section 2900.5 and violates equal protection principles. We rejected similar claims in *People v. Hickman* (2015) 237 Cal.App.4th 984 (review granted August 26, 2015, S227964) and *People v. McCoy* (2015) 239 Cal.App.4th 431 (review granted Oct. 14, 2015, S229296).[2] Proposition 47 provides that the trial court, on resentencing, may order parole supervision "*in addition* to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned. . . ." (Couzens, Bigelow & Prickett, Sentencing California Crimes, § 25:6, pp. 25-62.)

Appellant relies on *In re Sosa* (1980) 102 Cal.App.3d 1002 and section 2900.5, subdivision (a), for the general rule that excess custody credits apply against a term of parole.

_____

[2] In *People v. Morales* (2015) 238 Cal.App.4th 42, 49-51, the Fourth Appellate District, Division Three reached the opposite result. Our Supreme Court granted review in *Morales* on August 26, 2015 (S228030) and designated it as the lead case. The court deferred briefing in *People v. Hickman* and *People v. McCoy* briefing pending its decision in *People v. Morales*.

Because appellant has well over a year's worth of excess credits, applying them in this context would mean that he is not subject to any term of supervised parole. Section 1170.18 expressly states, however, that supervised parole is to be imposed unless the superior court, in its discretion, determines that parole supervision is not required. (§ 1170.18, subd. (d).) Appellant is entitled to custody credits against his new misdemeanor sentence, but not against his one-year term of misdemeanor parole. (*Ibid.*) This is consistent with the Proposition 47 Voter Information Guide, which advised voters that "[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." Where the language is clear and unambiguous, we follow the plain meaning of the measure. (*People v. Harbison* (2014) 230 Cal.App.4th 975, 980.)

The result is also consistent with equal protection principles. An equal protection claim requires a showing "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]" (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) Appellant and others resentenced as misdemeanants under Proposition 47 are not similarly situated to violent felons who are sentenced to state prison. Moreover, the law's requirement of supervised parole is rationally related to the state's goal of rehabilitation. (See *People v. Espinoza* (2014) 226 Cal.App.4th 635, 641; *People v. Mora* (2013) 214 Cal.App.4th 1477.) The court thus properly declined to apply appellant's excess custody credits against his term of misdemeanor parole.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Kent M. Kellegrew, Judge

Superior Court County of Ventura
_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Mary Sanchez, Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.