Filed 3/3/16  P. v. Fernandez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>ANDRES FERNANDEZ,<br><br>　Defendant and Appellant. | 2d Crim. No. B264984<br>(Super. Ct. No. 2011045339)<br>(Ventura County) |

Andres Fernandez appeals the trial court's order resentencing him with credit for time served and placing him on one year of supervised parole.  (Pen. Code,[1] § 1170.18.)  Appellant contends the court erred in refusing to apply his excess custody credits against his term of parole.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In January 2012, appellant pled guilty to possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  Imposition of sentence was

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

suspended and he was placed on 36 months formal probation with terms and conditions. In June 2013, following appellant's fifth violation of probation, the court revoked probation, sentenced him to two years in state prison, and awarded 672 days presentence custody credit.

In July 2013, appellant was released from custody and placed on post-release community supervision (PRCS). His PRCS status was revoked in September 2014, and again in April 2015. He was ordered each time to serve 120 days in county jail and was awarded presentence custody credit.

On April 20, 2015, appellant applied to have his drug possession charge reduced to a misdemeanor under Proposition 47 (§ 1170.18, subd. (a)). The court granted the application, terminated appellant's PRCS status, and ordered him to serve 364 days in county jail with credit for time served. The court also placed appellant on one year of misdemeanor parole pursuant to subdivision (d) of section 1170.18. The court rejected appellant's claim that his excess custody credits should be applied against his term of parole.

DISCUSSION

Appellant contends the trial court erred in refusing to deduct his excess presentence custody credits from the one-year supervised misdemeanor parole term. He claims the result "violates the will of the voters" who enacted Proposition 47 and is contrary to section 1170, subdivision (a)(3), and section 2900.5, subdivision (a). We rejected similar claims in *People v. Hickman* (2015) 237 Cal.App.4th 984 (review granted Aug. 26, 2015, S227964) and *People v. McCoy* (2015) 239 Cal.App.4th 431 (review granted Oct. 14, 2015, S229296).[2] In

_____

[2] In *People v. Morales* (2015) 238 Cal.App.4th 42, 49-51, the Fourth Appellate District, Division Three reached the opposite result. Our Supreme Court granted review in *Morales* on August 26, 2015 (S228030) and designated it as the lead case. The court deferred briefing in *People v. Hickman* and *People v. McCoy* briefing pending its decision in *People v. Morales*.

resentencing under Proposition 47, the trial court may order parole supervision "in addition to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned. . . ." (Couzens et al., Sentencing California Crimes, § 25:6, p. 25-62.)

Appellant relies on *In re Sosa* (1980) 102 Cal.App.3d 1002 and section 2900.5, subdivision (a), for the general rule that excess custody credits apply against a term of parole. Section 1170. 18 expressly states, however, that supervised parole is to be imposed unless the superior court, in its discretion, determines that parole supervision is not required. (§ 1170.18, subd. (d).) Appellant is entitled to custody credits against his new misdemeanor sentence, but not against his one-year term of misdemeanor parole. (*Ibid.*) This is consistent with the Proposition 47 Voter Information Guide, which advised voters that "[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (lao.ca.gov/ballot/2014/prop-47-110414.aspx, as of 2/22/16.) Where the language is clear and unambiguous, we follow the plain meaning of the measure. (*People v. Harbison* (2014) 230 Cal.App.4th 975, 980.)

The result is also consistent with equal protection principles. An equal protection claim requires a showing "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]" (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) Appellant and others resentenced as misdemeanants under Proposition 47 are not similarly situated to violent felons who are sentenced to state prison. Moreover, the law's requirement of supervised parole is rationally related to the state's goal of rehabilitation. (See *People v. Espinoza* (2014) 226 Cal.App.4th 635, 641; *People v. Mora* (2013) 214 Cal.App.4th 1477.) The court thus properly declined to apply appellant's excess custody credits against his term of misdemeanor parole.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Carl. N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.