Filed 4/5/16 P. v. Hardy CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFERY CLAY HARDY,<br><br>    Defendant and Appellant. | 2d Crim. No. B265474<br>(Super. Ct. No. 2011043554)<br>(Ventura County) |

Jeffery Clay Hardy appeals the trial court's order resentencing him under Proposition 47 and placing him on one year of misdemeanor parole. (Pen. Code,[1] § 1170.18.) Appellant contends the court erred in refusing to apply his excess custody credits to reduce his term of parole. He also claims that his excess credits should have been applied to satisfy fees imposed at his original sentencing hearing. We agree with the latter claim and shall order the judgment modified accordingly. Otherwise, we affirm.

FACTS AND PROCEDURAL HISTORY

In May 2013, appellant pled guilty to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor charges of being under the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and possession of a smoking device (former Health & Saf. Code, § 11364.1, subd. (a)). The court sentenced appellant to 16 months in state prison, awarded him 689 days of presentence custody credit, and ordered him released on post-release community supervision (PRCS). Appellant was also ordered to pay a $200 laboratory analysis fee (Health & Saf. Code, §§ 11372.5) and a $600 drug program fee (Health & Saf. Code, § 11372.7).

On December 22, 2014, appellant petitioned for resentencing under Proposition 47 on the ground that his conviction for possessing a controlled substance was now a misdemeanor. The court granted the petition and resentenced appellant to a year in county jail with credit for time served. Appellant's attorney asserted, "the defendant's already served in excess of 365. So the only issue is whether or not this Court is going to be PR[C]S or a one-year parole if the Court wishes him to do that." The court responded, "I will discharge the defendant from custody. He will continue on PR[C]S until the sentencing hearing. I will suspend his reporting requirements until a ruling on the issue January 16th at 9:00 a.m. in this courtroom."

Appellant remained on PRCS until June 26, 2015, when the court ordered him placed on one year of misdemeanor parole "back from the date" of his resentencing on December 22, 2104. The court rejected appellant's claim that his excess custody credits should be applied to reduce the term of parole.

DISCUSSION

I.

Appellant contends the court erred in refusing to apply his excess custody credits against his one-year term of misdemeanor parole. We rejected similar claims in *People v. Hickman* (2015) 237 Cal.App.4th 984 (review granted Aug. 26, 2015, S227964) and *People v. McCoy* (2015) 239 Cal.App.4th 431 (review granted Oct. 14,

2015, S229296).[2] In resentencing under Proposition 47, the trial court may order parole supervision "in addition to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned. . . ." (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2015) ¶ 25:6, p. 25-62.) This is consistent with the Proposition 47 Voter Information Guide, which advised voters that "[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by Legislative Analyst, p. 36.) Where the language is clear and unambiguous, we follow the plain meaning of the measure. (*People v. Harbison* (2014) 230 Cal.App.4th 975, 980.)

Appellant offers nothing to persuade us that our prior conclusion is incorrect. Unless and until our Supreme Court rules otherwise, we will continue to adhere to the view that excess custody credits cannot be applied to reduce a term of misdemeanor parole imposed under subdivision (d) of section 1170.18.

II.

Appellant contends the court erred in failing to apply his excess custody credits to satisfy the drug program and laboratory analysis fees that were imposed at his original sentencing. The People respond that appellant forfeited this claim by failing to raise it below. We conclude the claim is not forfeited and has merit.

Section 2900.5, former subdivision (a), provides in pertinent part that "all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment, or credited to any fine" at a rate of not less than $30 per day.[3] Any such

---

[2] In *People v. Morales* (2015) 238 Cal.App.4th 42, 49-51 (review granted Aug. 26, 2015, S228030), and *People v. Armogeda* (2015) 240 Cal.App.4th 1039 (review granted Dec. 9, 2015, S230374), the Fourth Appellate District, Division Three reached the opposite result. *Morales* has been designated as the lead case.

[3] The statute has since been amended to provide for a daily rate of not less than $125. (§ 2900.5, subd. (a).)

credit "shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine . . . on a proportional basis." (*Ibid.*)

At the original sentencing, the court sentenced appellant to 16 months in state prison, awarded 689 days of presentence custody credit, and ordered him released on PRCS. Because appellant's credits exceeded his sentence, the court was required to apply the remaining credits to the subject fines. Its failure to do so amounts to an unauthorized sentence, which is subject to correction at any time. (See *People v. Brite* (1983) 139 Cal.App.3d 950, 955 [trial court's failure to comply with section 2900.5, subdivision (d), in the first instance made its initial finding and resulting sentence a nullity]; *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1140 [failure to accurately award custody credits results in an unauthorized sentence that can be corrected at any time].) Appellant had substantially more than 27 days of excess credit, which is all that was required to satisfy the subject fines. Accordingly, we shall order the judgment modified to reflect that these fines have been satisfied.

DISPOSITION

The superior court clerk is directed to prepare an amended minute order reflecting that the $200 lab fund fee and $600 drug program fee have been satisfied. (§ 2900.5, subd. (a).) As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.