Filed 10/20/22  P. v. Espinosa CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B313935 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA093871) |
| v. | |
| CUSTODIO ESPINOSA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed as modified.

Laurie Wilmore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Custodio Espinosa appeals from a judgment following a limited remand in which the trial court declined to exercise its discretion to strike a firearm enhancement but did exercise its discretion to strike a prior serious felony enhancement. Defendant contends that the court erred by failing to sentence him on count 2 and to award him the correct amount of presentence credits. He also contends that his trial counsel provided ineffective assistance by failing to apprise the court that defendant had previously been sentenced on count 2 to six months in county jail. We will modify the sentence for defendant to receive the correct presentence credits. We otherwise affirm.

# II. BACKGROUND

A. *Criminal Conviction and Initial Sentence*

On October 25, 2016, a jury convicted defendant of second degree robbery (count 1; Pen. Code,[1] §§ 211, 212.5, subd. (c)), a felony, and carrying a switchblade knife on his person (count 2; § 21510, subd. (b)), a misdemeanor. The jury also found true the allegation that defendant personally used a handgun during the robbery (§ 12022.53, subd. (b)). The trial court found true the allegation that defendant had a prior serious felony conviction (§ 667, subd. (a)(1)) and the allegation that he had two prior separate prison terms (§ 667.5, subd. (b)). (*People v. Espinosa* (May 16, 2018, B281664) [nonpub. opn.] (*Espinosa I*).)

---

[1]     Further statutory references are to the Penal Code.

On March 27, 2017, the trial court sentenced defendant to 27 years in prison and six months in county jail, consisting of the following consecutive terms: the high term of five years for robbery, doubled to 10 years pursuant to the Three Strikes law; a 10-year term for the firearm enhancement; a five-year term for the prior serious felony enhancement; two one-year terms for the prior separate prison term enhancement; and six months for carrying the switchblade knife.

B.    *Espinosa I*

Defendant appealed, arguing, among other things, that the cause should be remanded for the trial court to exercise its discretion to dismiss the firearm enhancement under section 12022.53, subdivision (h), as amended by Senate Bill No. 620 (Stats. 2017, ch. 682, § 2). (*Espinosa I*, *supra*, B281664.)

On May 16, 2018, this court issued its opinion in *Espinosa I*, *supra*, B281664 which modified the judgment to strike one of the prior separate prison term enhancements and remanded the cause for the trial court to exercise its discretion whether to strike or dismiss the firearm enhancement. We otherwise affirmed the judgment and stated in the disposition that: "On remand the trial court may, if it so chooses and within the confines of . . . section 1385, exercise its discretion regarding whether to strike defendant's . . . section 12022.53, subdivision (b) firearm enhancement." (*Espinosa I*, *supra*, B281664.)

C.    *Hearing on Remand Following Espinosa I*

On January 1, 2019, Senate Bill No. 1393 took effect and amended sections 667 and 1385 to provide trial courts with discretion to strike a prior serious felony enhancement.  (Stats. 2018, ch. 1013, §§ 1, 2.)

On February 4, 2019, defendant filed a motion to strike the firearm and prior serious felony enhancements and submitted exhibits in support.  At a hearing on February 4, 2019, defense counsel argued that the trial court should exercise its discretion to strike the sentencing enhancements because defendant had tried to improve himself while incarcerated.  (*People v. Espinosa* (Aug. 11, 2020, B296202) [nonpub. opn.] (*Espinosa II*).)

The trial court declined to strike the enhancements, stating that although defendant's conduct while incarcerated was "'commendable—and I have reviewed all the documentation that [defense counsel] gave me—that is, in this court's opinion, not relevant . . . on the issue of whether it would utilize [its] discretion [to strike the sentencing enhancements].'"[2] (*Espinosa II*, *supra*, B296202.)

D.    *Espinosa II*

Defendant appealed, arguing, among other things, that the trial court abused its discretion by refusing to consider defendant's rehabilitation following the initial sentencing hearing.  (*Espinosa II*, *supra*, B296202.)

---

[2]    Defendant's abstract of judgment filed February 22, 2019, was amended to indicate that *both* one-year prior prison term enhancements were stricken.

On August 11, 2020, we issued our opinion in *Espinosa II*, *supra*, B296202 in which we agreed that the trial court erred by refusing to consider defendant's conduct after the initial sentencing. In our disposition, we stated: "The judgment is vacated and remanded so that the court may consider whether to exercise its discretion to strike the firearm (§ 12022.53, subd. (b)) and prior serious felony (§ 667, subd. (a)(1)) enhancements in accordance with this opinion." (*Espinosa II*, *supra*, B296202.)

E.     *Hearing on Remand Following Espinosa II*

On June 29, 2021, defense counsel filed a supplement to defendant's 2019 motion to strike the firearm and prior serious felony enhancements. The supplement noted that both enhancements had been "imposed as part of his sentence of 27 [years], and 6 months after the jury rendered its verdict on October 25, 2016." The supplement included numerous exhibits and a handwritten letter from the defendant.

On July 8, 2021, the trial court conducted a hearing pursuant to our remand order. The court stated that it had reviewed the submissions and was not inclined to strike the gun enhancement, but was inclined to strike the prior serious felony enhancement and reduce defendant's sentence on count 1. It acknowledged, however, that it was "not so clear" that it had authority to reduce the sentence on that count. Following argument by counsel and hearing from defendant and his sisters, the court stated the following: "I recognize that initially [defendant] was sentenced to 27 years in state prison. That was a reasonable sentence by Judge Van Sicklen [who initially sentenced defendant on March 27, 2017]. I agreed with that

sentence back when this matter was in front of the court the first time." The court expressed its view that based on "the underlying facts of this case," it would be inappropriate to strike the weapons enhancement but that it would "strike the five-year prior." As to resentencing defendant on count 1, the court continued, "I think I'm on firm ground in resentencing to revisit the triad [on count 1], and I'm going to do that." The court did not specifically mention count 2 but added, "I'm going to follow exactly the same sentencing position that Judge Van Sicklen took, with the exception of I am striking the . . . five-year prior conviction. I'm also imposing the low term of two years and doubling that to four, so instead of the ten years that was initially imposed, which was the five years doubled, it is four years. [¶] The court also imposes the gun enhancement of ten years, so it's 14 years instead of the 27 . . . ." The court then awarded defendant 33 days of custody credit.

The minute order and second amended abstract of judgment stated that the court awarded defendant 341 days of presentence credit. The minute order also provided: "All other terms and conditions imposed on March 27, 2017, remain as previously ordered." Attached to the second amended abstract of judgment was a document entitled "OTHER ORDERS," which stated: "Defendant was convicted on count 2: [section] 21510[, subdivision] (b), a misdemeanor. Defendant sentenced to serve [six] months in Los Angeles County jail. Time may be served in any penal institution and is to run consecutive to base term 01 for a total state prison sentence imposed of 14 years and 6 months." Defendant timely appealed.

6

# III. DISCUSSION

A. *Sentencing on Count 2*

Defendant argues that the trial court failed to sentence him on the misdemeanor conviction for count 2.[3] He alternatively argues that because the minute order does not accurately reflect the court's oral pronouncement of judgment on count 2, the court imposed an unauthorized sentence. Finally, he contends that the court abused its discretion on remand because it did not understand that defendant had previously been sentenced to six months on count 2 or that it was resentencing defendant to six months on count 2.

Contrary to defendant's contention, the record reflects that the trial court orally pronounced defendant's sentence for count 2 when it stated it was "going to follow exactly the same sentencing position that Judge Van Sicklen took [on March 27, 2017] . . . ." That sentence included six months in county jail for count 2.

We also disagree with defendant's characterization of the minute order as conflicting with the oral pronouncement of sentence. The minute order provided that the "TOTAL AGGREGATE TERM OF IMPRISONMENT FOR BASE COUNT

---

[3] The Attorney General counters that the trial court lacked jurisdiction to resentence defendant on count 2 because of the limited nature of our disposition, which remanded the cause only for the court to exercise its discretion regarding the imposition of the sentencing enhancements. We note that the Attorney General does not appeal from the court's resentencing of defendant on count 1. For purposes of this opinion, we will assume, without deciding, that the court had jurisdiction to reconsider defendant's sentence on both counts 1 and 2.

7

(01) IS 14 YEARS.  [¶]  .  [¶]  "ALL OTHER TERMS AND
CONDITIONS IMPOSED ON MARCH 27, 2017, REMAIN AS
PREVIOUSLY ORDERED."  That previous term necessarily
included a six-month jail sentence on count 2.  The second
amended abstract of judgment also reflected that defendant's
sentence included six months in county jail for the conviction on
count 2.  Accordingly, the minute order and the second amended
abstract of judgment were consistent with the court's oral
pronouncement.

Finally, we reject defendant's contention that the trial
court abused its discretion on remand because it misunderstood
that defendant's aggregate sentence included the previously
imposed six months in county jail.[4]  The court's statements
regarding defendant's sentence of "27 years in state prison" were
accurate as the additional six-month period was a county jail
term.  Moreover, the second amended abstract of judgment,
which included a six-month term on count 2, belies defendant's
contention that the court did not understand that his sentence
would include this term.  Finally, even if there were any
ambiguity on this issue, "to the extent the record is ambiguous,
the court is presumed to have properly performed its official
functions in the absence of evidence to the contrary."  (*People v.
Barber* (2020) 55 Cal.App.5th 787, 814.)

---

[4]  Defendant cites to four statements by the court:  "[H]e was
sentenced to 27 years back by Judge Sicklen . . ."; "I recognize
that initially [defendant] was sentenced to 27 years in state
prison"; "I am taking a number of extraordinary steps to get to
this point from what was the 27-year-sentence to begin with";
and "[t]he Court also imposes the gun enhancement of [10] years,
so it's 14 years instead of the 27, and I know he has some time in
already."

8

B.    *Ineffective Assistance of Counsel*

Defendant also argues that trial counsel provided ineffective assistance by failing to correct the trial court's purported misstatements about defendant's prior aggregate sentence as being 27 years rather than 27 years and six months. As an initial matter, counsel had already informed the court in defendant's supplement that the two sentencing enhancements had been "imposed as part of his sentence of 27 [years], and 6 months . . . ."   Moreover, as we discuss above, the evidence does not support defendant's contention that the court did not understand defendant's prior sentence or that it was imposing a six-month sentence on count 2.  Thus, counsel was not ineffective in failing to object to any such mistake by the court.  (See *People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions"].)[5]

C.    *Presentence Credit*

Finally, defendant contends the trial court erred by not awarding him the correct amount of presentence credit. Respondent concedes that defendant should be awarded 1,871 days of presentence credit, consisting of 1,831 actual custody days

---

[5]    We remind defendant's appellate counsel that an unpublished opinion must not be cited or relied upon unless it "is relevant under the doctrines of law of the case, res judicata, or collateral estoppel" or "is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action."  (Cal. Rules of Court, rule 8.1115(b).)  The Rules of Court do *not* authorize citation to an unpublished opinion for any other reason.

and 40 days of conduct credit.  We agree and will correct defendant's presentence credit by modification.  (*People v. Harbison* (2014) 230 Cal.App.4th 975, 986.)

## IV.  DISPOSITION

The judgment is modified to reflect a total of 1,871 days of presentence credit, comprised of 1,831 actual custody days and 40 days of conduct credit.  The trial court is directed to amend the abstract of judgment to reflect this modification and to send the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

11