Filed 12/23/24  P. v. Montano CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN ALEJANDRO MONTANO,<br><br>    Defendant and Appellant. | F086577<br><br>(Super. Ct. No. BF169286A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Clara M. Levers and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Hill, P. J., Peña, J. and Smith, J.

Juan Alejandro Montano (defendant) appeals for a second time from a judgment of conviction of first degree murder with the special circumstance of lying in wait. In the previous appeal (*People v. Montano* (2022) 80 Cal.App.5th 82 (*Montano*)), this court partially affirmed and partially reversed the judgment. The matter was remanded for possible retrial of other charges and for resentencing. (*Id.* at pp. 114–115.) The People elected not to retry defendant on the reversed charges. Consequently, the proceedings on remand were limited to resentencing.

The disposition of *Montano* included the affirmance of two enhancements under Penal Code section 667, subdivision (a) based on defendant's prior felony convictions. (Undesignated statutory references are to the Penal Code.) No claims were made regarding those enhancements in the earlier appeal, nor were those enhancements challenged on remand. Defendant now argues that one of the enhancement findings was not adequately proven at trial. Because this claim could have been made in *Montano* but was not, it has been forfeited.

Defendant's remaining arguments concern the trial court's imposition of fines and fees, as well as the calculation of his presentence custody credits. He has also identified errors in the abstract of judgment. We order the judgment be modified and the abstract amended to correctly reflect defendant's monetary obligations and time credits. As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

A summary of the underlying facts is provided in the *Montano* opinion. (*Montano*, *supra*, 80 Cal.App.5th at pp. 90–100.) Defendant's request for judicial notice of the appellate record in *Montano* is hereby granted. (Evid. Code, §§ 452, subd. (d), 459.) The parties agree it is unnecessary to repeat the factual background here.

In December 2017, defendant and two codefendants were jointly charged with first degree murder (§§ 187, 189; count 1) and unlawful participation in a criminal street gang (§ 186.22, subd. (a); count 2). Count 1 included special circumstance allegations of lying

2.

in wait (§ 190.2, subd. (a)(15)) and murder committed to further the activities of a criminal street gang (*id*., subd. (a)(22); hereafter, the "gang-murder allegation"). Firearm and gang enhancement allegations were also included. (§§ 186.22, subd. (b), 12022.53, subd. (d).)

Defendant was additionally charged with possession of a firearm by a convicted felon (§ 29800, subd. (a)(1); count 3). Two prior convictions were alleged for purposes of the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12.) The strike offenses of robbery and unlawful participation in a criminal street gang were alleged to also qualify as prior serious felony convictions under section 667, subdivision (a). Defendant was further alleged to have served two prior prison terms within the meaning of section 667.5, former subdivision (b).

In March 2019, a jury found defendant guilty on all counts. The jury hung on the gang-murder allegation, which was ultimately dismissed. The lying-in-wait allegation was found true, as were all enhancement allegations submitted for the jury's consideration. The gun enhancement reflected defendant's role as the actual killer.

On April 3, 2019, the prior serious felony conviction allegations were found true in a bifurcated bench trial. One of the enhancements was based on a 2016 conviction of unlawful gang participation in violation of section 186.22, subdivision (a).

Defendant was sentenced to life in prison without the possibility of parole (LWOP) for first degree murder committed by means of lying in wait. Sentencing on count 1 included consecutive terms of 25 years to life for the firearm enhancement, 10 years for the gang enhancement, and 10 years for the prior serious felony convictions. Punishment imposed for counts 2 and 3, which was said to include enhanced punishment for the prison priors, was ordered stayed pursuant to section 654. A timely notice of appeal was filed on May 1, 2019.

In October 2021, while the *Montano* appeal was pending, Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) was signed into law. (Stats. 2021, ch. 699.)

3.

Effective January 1, 2022, Assembly Bill 333 amended section 186.22 and created a new statute concerning the bifurcation of gang enhancement allegations, i.e., section 1109. Between December 2021 and May 2022, defendant filed three supplemental briefs regarding Assembly Bill 333. In those supplemental briefs, defendant asserted multiple claims for reversal based on the intervening changes in the law.

In *Montano*, this court reversed defendant's count 2 conviction, as well as the gang enhancements, based on Assembly Bill 333's retroactive amendments to section 186.22. Defendant's prior prison term enhancements, which had been invalidated by other intervening legislation (see former § 1171.1; Stats. 2019, ch. 590, § 1), were also reversed. All other convictions, enhancements, and findings were affirmed.

The disposition of *Montano* states, in relevant part: "As to all defendants, the convictions of unlawful participation in a criminal street gang in violation of section 186.22, subdivision (a), and all enhancement allegations found true under subdivision (b) of the same statute, are reversed. … As to [defendant], the prior prison term enhancements imposed pursuant to section 667.5 are reversed. In all other respects, the judgments are affirmed. The matter is remanded for further proceedings consistent with this opinion." (*Montano*, *supra*, 80 Cal.App.5th at pp. 114–115.) The California Supreme Court denied review, and this court's remittitur issued on October 20, 2022.

On remand, defendant's trial counsel filed a motion to dismiss all of the gang charges. The motion was odd in several respects—e.g., the inclusion of several pages of argument regarding the gang-murder allegation. It seems counsel forgot that the allegation pleaded pursuant to section 190.2, subdivision (a)(22) had been dismissed at the original sentencing hearing in 2019. The same attorney also filed a statement in mitigation, which included a request to strike the firearm enhancement.

Shortly after filing the statement in mitigation, defendant's attorney moved to be relieved as counsel. The request was granted, new counsel was appointed, and a

continuance was ordered. The record does not say when, but at some point the People elected not to retry any of the charges that were reversed in *Montano*.

Defendant was resentenced on July 12, 2023. Before the new sentence was pronounced, defense counsel argued for dismissal of the gun enhancement. The request was denied. As to count 1, the trial court imposed LWOP plus 25 years to life for the gun enhancement and two consecutive five-year terms for the prior serious felony conviction enhancements. A determinate term was imposed for count 3 and stayed pursuant to section 654. Additional sentencing details are provided in the Discussion, *post*.

A timely notice of appeal was filed on July 17, 2023.

## DISCUSSION

### I. Forfeiture

Defendant attempts to challenge the sufficiency of the evidence supporting one of the enhancements imposed under section 667, subdivision (a) (section 667(a)). The enhancement is based on a 2016 conviction for unlawful gang participation in violation of section 186.22, subdivision (a). The substantive offense proscribed by the gang statute is a "serious felony" within the meaning of section 667(a). (§§ 667, subd. (a)(4), 1192.7, subd. (c)(28).) However, the elements of the offense have changed since the enactment of Assembly Bill 333. Defendant argues the fact he was convicted of violating the gang statute in 2016 is insufficient to prove the underlying offense was a serious felony as defined by current law.

The issue presented by defendant's argument will be decided by the California Supreme Court in *People v. Fletcher*, S281282.[1] This district rejected a similar argument

---

[1] Review was granted in *People v. Fletcher* (2023) 92 Cal.App.5th 1374 to decide the following issues: "(1) Does Assembly Bill No. 333 amend the requirements for a true finding on a prior strike conviction (Pen. Code, §§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d)) and a prior serious felony conviction (Pen. Code, § 667, subd. (a)), or is that determination made on 'the date of that prior conviction'? [Citation.] (2) Does Assembly Bill No. 333 (Stats. 2021, ch. 699), which modified the criminal street gang statute (Pen. Code, § 186.22), unconstitutionally amend Proposition 21 and Proposition 36, if applied to strike convictions and serious felony

in *People v. Gonzalez* (2024) 98 Cal.App.5th 1300, review granted April 10, 2024, S286060.  But as we now explain, defendant forfeited his claim by not asserting it in *Montano*.  We therefore decline to resolve defendant's claim on the merits.

"""'[A] constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'"""  (*People v. McCullough* (2013) 56 Cal.4th 589, 593; see *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371 [defining forfeiture as """'the failure to make the timely assertion of a right"""'].)  This principle generally "precludes successive appeals based on issues ripe for consideration in the prior appeal and not brought in that proceeding." (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143.)  "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538; accord, *People v. Murphy* (2001) 88 Cal.App.4th 392, 395-396; see *People v. Deere* (1991) 53 Cal.3d 705, 713.)

Defendant's claim is based on Assembly Bill 333's amendments to section 186.22. The amendments took effect in January 2022, while the *Montano* appeal was pending, and defendant's requests to present supplemental claims based on those amendments were granted by this court.  Some of his supplemental claims had merit and resulted in a partial reversal of the judgment.  The claim he now attempts to litigate could have been made in *Montano*, but it was not.  The section 667(a) enhancements were affirmed in *Montano* and, moreover, were not challenged in any way during the proceedings on remand.

convictions?"  (Pending Issues Summary, Cal. Supreme Ct. (Dec. 20, 2024) <https://supreme.courts.ca.gov/sites/default/files/supremecourt/default/2024-12/pendingissues-crim%20-%20122024_0.pdf> [as of Dec. 23, 2024].)

The forfeiture rule applicable to successive appeals is properly invoked when "(1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." (*People v. Senior*, *supra*, 33 Cal.App.4th at p. 538.) Defendant acknowledges that his "challenge to the prior-conviction enhancement was not raised on the prior appeal" but offers no justification for the belatedness of the claim. "Appellate challenges cannot be considered piecemeal 'just because "'the attorneys generate an idea they should have advanced by specification of error on the first appeal.'" [Citation.]'" (*People v. Bell* (2020) 47 Cal.App.5th 153, 191, fn. 41; see *People v. Jordan*, *supra*, 21 Cal.App.5th at p. 1143 ["California law prohibits a defendant from raising contentions in a piecemeal fashion by successive proceedings"].)

We note defendant's claim does not implicate a separate issue currently pending before the California Supreme Court in *People v. Lopez*, S281488. There is a split of authority on the question of whether trial courts have jurisdiction to consider the retroactive impact of Assembly Bill 333 in remand proceedings ordered by an appellate court for limited purposes of resentencing. (Compare, e.g., *People v. Lopez* (2023) 93 Cal.App.5th 1110, 1114, review granted Nov. 15, 2023, S281488, with *People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1130, review granted Feb. 21, 2024, S283474.) In those cases, and in others under review by the high court on a grant-and-hold basis pending its decision in *Lopez*, the appellants had no prior opportunity to assert claims based on Assembly Bill 333 because their direct appeals from the original judgments were decided before the legislation was enacted. (*Lopez*, at pp. 1114–1115; *Mitchell*, at pp. 1129–1130; see, e.g., *People v. Trent* (2023) 96 Cal.App.5th 33, 36-37, review granted Dec. 20, 2023, S282644.) We are rejecting defendant's claim based on well-established principles of forfeiture, not on jurisdictional grounds.

## II.     Sentencing Issues

Defendant's sentence includes fines and fees.  The parties agree on the applicability of a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and a $300 restitution fine (Pen. Code, § 1202.4, subd. (b).)  The parties disagree about the applicability of a $300 parole revocation fine that was imposed and suspended pursuant to section 1202.45.

Defendant's briefing does not accurately explain what the trial court ordered with regard to the fines and assessments.  The abstract of judgment shows a "Criminal Conviction Assessment" of $90 "per GC 70373" and a "Court Security Fee" of $120 "per PC 1465.8" (boldface and some capitalization omitted), which suggests the $30 and $40 assessments were applied three times.  Although defendant claims that is what the trial court ordered, he is mistaken.  The trial court imposed the assessments for both counts of conviction, i.e., $60 pursuant to Government Code section 70373 and $80 pursuant to Penal Code section 1465.8.  The trial court repeated itself while imposing the sentence for count 3, but the probation officer noted the error and the court corrected the mistake by stating, "Yeah.  It's Counts 1 and 3 and I've said Count 3 twice.  It only applies once."

After imposing the assessments and restitution fine, the trial court ordered them "converted to time to run concurrent in light of the life sentence[.]"  Defendant erroneously contends his financial obligations were converted to "four days of custody to run concurrent."  He cites to pages 51 and 52 of the reporter's transcript, which correspond to the sentencing of his brother, codefendant Jose Montano.

In pronouncing defendant's sentence, the trial court stated, "As to the $40, the $30, and the $300, that's converted to 3 days in custody to run concurrent.  That's for each count that it's imposed."  It is unclear whether the court was ordering the sums converted to a total of three days or six days of prison time, or possibly some other amount.  The abstract of judgment inexplicably reads, "1 day in custody in lieu of fines

8.

and fees." (Capitalization omitted.) The discrepancy is immaterial, however, because the purported conversion of the assessments and restitution fine was entirely unauthorized. (See further discussion, *post*.)

During the resentencing hearing, the probation department informed the trial court of defendant's entitlement to credit for 2,168 days of presentence custody time. The trial court did not expressly adopt or reject the calculation, but it did remark that defendant's "[c]redits have been updated as stated by our probation officer." The abstract of judgment shows credit for only 2,114 days. The parties agree the correct amount is 2,168 days.[2]

## A.     The Conversion of Assessments and Fines to Prison Time Was Unauthorized

The parties assume the trial court believed its conversion order was authorized by section 1205. In his opening brief, defendant argues the trial court erred with regard to the restitution fine. The People argue the conversion was entirely unauthorized, and defendant impliedly concedes this point in his reply brief. The parties are correct.

Section 1205 provides, in relevant part: "A judgment that the defendant pay a fine, with or without other punishment, may also direct that the defendant be imprisoned until the fine is satisfied and may further direct that the imprisonment begin at and continue after the expiration of any imprisonment imposed as a part of the punishment or of any other imprisonment to which the defendant may have been sentenced. The judgment shall specify the term of imprisonment for nonpayment of the fine …. A defendant held in custody for nonpayment of a fine shall be entitled to credit on the fine for each day the defendant is held in custody, at the rate specified in the judgment." (*Id*., subd. (a).)

---

[2] The figure in the abstract of judgment traces back to a probation report that was prepared several months prior to the resentencing hearing.

Fines are punitive.  (*People v. Robinson* (2012) 209 Cal.App.4th 401, 406.) Section 1205 "applies to any violation of any of the codes or statutes of this state punishable by a fine or by a fine and imprisonment."  (§ 1205, subd. (c).)  The quoted statement and the phrase "other punishment" in the first sentence of subdivision (a) indicate the statute's applicability to financial punishment.  The financial obligations mandated by Penal Code section 1465.8 and Government Code section 70373 are not fines, nor are they otherwise punitive.  (*People v. Alford* (2007) 42 Cal.4th 749, 759; *Robinson*, at p. 407; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492.)  As such, those assessments cannot be converted to a prison sentence under section 1205.

The $300 restitution fine imposed under section 1202.4 is punitive in nature.  (See *People v. Bernal* (2002) 101 Cal.App.4th 155, 168.)  However, section 1205, subdivision (e) plainly states, "This section shall not apply to restitution fines and restitution orders." Therefore, the trial court was not authorized to convert the $300 restitution fine to a punishment of concurrent prison time.

Reviewing courts may correct unauthorized sentences.  (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1165.)  "'When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified.'"  (*People v. Harbison* (2014) 230 Cal.App.4th 975, 986; see *People v. Smith* (2001) 24 Cal.4th 849, 854 ["easily fixable" sentencing errors may be corrected "without remanding for further proceedings in the presence of defendants"].)  Accordingly, we will modify the judgment to reflect the trial court's imposition of $30 and $40 assessments for both counts of conviction, pursuant to Government Code section 70373 and Penal Code section 1465.8, without the unauthorized conversion of those assessments to prison time.  The same correction will be made as to the restitution fine under section 1202.4, subdivision (b), which is applied only once.  (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483.)  In other words, the respective amounts are $60 ($30 × 2), $80 ($40 × 2), and $300.

In a related claim, defendant argues for the cause to be remanded for reconsideration of the restitution fine. He reasons that the trial court's "attempt to convert the fine to time served tends to indicate the court would not impose even the minimum fine." We are not persuaded.

"Section 1202.4, subdivision (b)(1), requires a court to impose a restitution fine in an amount not less than $300 and not more than $10,000 in every case where a person is convicted of a felony unless it finds compelling and extraordinary reasons not to do so." (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1053.) A defendant's inability to pay is not a compelling and extraordinary reason to refrain from imposing the minimum fine of $300. (§ 1202.4, subd. (c).) If the sentencing court finds compelling and extraordinary reasons for not imposing even the minimum amount, it must state those reasons on the record. (*Ibid.*)

The trial court did not state any findings suggestive of "compelling and extraordinary reasons" for not imposing the $300 restitution fine. (§ 1202.4, subd. (c).) Defendant does not explain what those hypothetical reasons might be. If the trial court believed such reasons existed, it presumably would have stated them and not imposed the punishment at all. We do not interpret the court's attempt to impose the punishment in a different way as being indicative of a belief that no punishment was warranted under section 1202.4. Defense counsel did not argue for relief under subdivision (c) of the statute. In light of these circumstances, good cause does not exist to remand the cause for further proceedings.

## B. The Parole Revocation Fine Was Properly Imposed

The trial court imposed and suspended a $300 parole revocation fine pursuant to section 1202.45. This statute applies "where a person is convicted of a crime and his or her sentence includes a period of parole" (*id.*, subd. (a)), or the defendant is "subject to either postrelease community supervision … or mandatory supervision" (*id.*, subd. (b)).

11.

It does not apply in cases where the defendant is sentenced to LWOP and there are no determinate terms. (*People v. Mclnnis* (2021) 63 Cal.App.5th 853, 866–867.)

In *People v. Brasure* (2008) 42 Cal.4th 1037, the California Supreme Court upheld the imposition of a parole revocation fine where the appellant had been sentenced to death and to determinate prison terms. (*Brasure*, at p. 1075.) The *Brasure* court distinguished *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, on which defendant relies, because *Oganesyan* did not involve any determinate terms of imprisonment. (*Brasure*, at p. 1075.) As here, the fine at issue in *Brasure* was imposed but suspended. "Defendant is in no way prejudiced by assessment of the fine, which will become payable only if he actually does begin serving a period of parole and his parole is revoked." (*Ibid*.)

Defendant disputes the applicability of section 1202.45 because, even though he was sentenced to a determinate term on count 3, the determinate term was stayed pursuant to section 654. He observes that the *Brasure* appellant received determinate terms on multiple counts, some of which were stayed under section 654, and in discussing section 1202.45 the high court only cited the counts for which unstayed determinate terms had been imposed. (*People v. Brasure*, *supra*, 42 Cal.4th at pp. 1049, 1075.) The circumstance is intriguing, but it does not constitute an implied holding.

The California Supreme Court's more recent guidance on section 1202.45 does not suggest a material difference between stayed and unstayed determinate terms. In *People v. Baker* (2021) 10 Cal.5th 1044, the appellant argued his parole revocation fine was unauthorized because, "as a person sentenced to death, he is ineligible for parole." (*Id*. at p. 1108.) The high court simply wrote, "The claim fails under *People v. Brasure* because defendant was also sentenced to a determinate term." (*Baker*, at p. 1108, citing *People v. Brasure*, *supra*, 42 Cal.4th at p. 1075.) The *Baker* opinion contains no information about the appellant's determinate term or terms (the procedural background suggests there

12.

would have been several)—neither the amount of prison time imposed nor whether the punishment was stayed under section 654. (See *Baker* at pp. 1052–1053.)

The *Baker* court summarized the *Brasure* holding as follows: "*Brasure* reasoned that a determinate term carries with it a period of parole, triggering a parole revocation fine under Penal Code section 1202.45." (*People v. Baker*, *supra*, 10 Cal.5th at p. 1108, citing *People v. Brasure*, *supra*, 42 Cal.4th at p. 1075.) The *Baker* court also relied on the plain language of the statute, which requires imposition of a fine "'[i]n every case' in which a person's 'sentence includes a period of parole.'" (*Baker*, at p. 1108, quoting § 1202.45, subd. (a).)

Defendant was sentenced to a determinate prison term for count 3, which includes a period of parole by operation of law. (See *People v. Brasure*, *supra*, 42 Cal.4th at p. 1075, citing § 3000, subd. (a)(1).) When a prison term includes a period of parole, the parole revocation fine must be imposed. (§ 1202.45, subd. (a); *Brasure*, at p. 1075.) Although defendant's determinate term was stayed, it was nevertheless imposed. "The fine was therefore required, though by statute and the court's order it was suspended unless and until defendant [is] released on parole and his parole [is] revoked." (*Brasure*, at p. 1075.)

## C.  Corrections to the Abstract of Judgment

"'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.' [Citation.] 'If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment.'" (*People v. Clark* (2021) 67 Cal.App.5th 248, 260–261.) When a reviewing court modifies a judgment to correct sentencing errors, it may order the preparation of a new abstract of judgment to reflect the modifications. (See, e.g., *People v. Lawley* (2002) 27 Cal.4th 102, 171–172.)

13.

As discussed, the trial court properly imposed fees totaling $60 and $80 pursuant to Government Code section 70373 and Penal Code section 1465.8, respectively. The trial court's oral pronouncement in that regard is accurately reflected in the corresponding minute order. The abstract of judgment erroneously lists those fees in the respective amounts of $90 and $120.

We are modifying the judgment to reflect the trial court's proper imposition of the $60 and $80 fees, as well as the $300 restitution fine (§ 1202.4, subd. (b)), but without the unauthorized conversion of those sums to prison time. The current abstract contains the notation "1 DAY IN CUSTODY IN LIEU OF FINES AND FEES," which must be deleted to accurately reflect the modification. The new abstract should also reflect the correct amount of fees.

The current abstract of judgment erroneously denotes presentence custody time in the amount of 2,114 days. A defendant is entitled to credit against his or her sentence for all days spent in custody while awaiting trial and sentencing, up to and including the date when the sentence is imposed. (§ 2900.5, subd. (a); *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) "When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, quoting § 2900.1.) Under those rules, as correctly stated by the probation officer during the resentencing hearing, defendant is entitled to credit for 2,168 days of presentence custody. We order the judgment modified to clearly reflect defendant's entitlement to credit for all of his presentence custody time, and the new abstract must accurately reflect the same information.

Defendant has identified an additional error, which appears in Item 15 of the abstract of judgment for his determinate prison term. The wrong box is checked with

14.

regard to when the execution of sentence was imposed.  The new abstract of judgment should indicate, as stated in box "b," "at resentencing per decision on appeal."

## DISPOSITION

The judgment is modified to reflect the imposition of assessments totaling $60 pursuant to Government Code section 70373 and $80 pursuant to Penal Code section 1465.8, and a $300 fine pursuant to Penal Code section 1202.4, without conversion of those financial obligations to custody time.  The modified judgment shall further reflect defendant's entitlement to 2,168 days of presentence custody credit.  As so modified, and in all other respects, the judgment is affirmed.  We direct the superior court to prepare new abstracts of judgment reflecting the modifications.  The clerk of the superior court shall forward certified copies of the amended abstracts to the Department of Corrections and Rehabilitation.